**RUE, Appellee,**

v.

**RUE, Appellant.**

[Cite as *Rue v. Rue,* 169 Ohio App.3d 160, 2006-Ohio-5131.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2006–CA–46.

Decided Sept. 29, 2006.

Kenneth R. Sheets, for appellee.

Candi S. Rambo, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Twila Rue, appeals from a judgment and decree of divorce. She contends that the trial court erred in concluding that because she was in default for answer, the trial court was not obliged to consider testimony concerning the best interest of the children of the parties and could properly exclude her from participating in the proceedings. We agree. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 2} Plaintiff-appellee, Dan W. Rue Jr., filed a complaint for divorce on July 19, 2005. In the complaint, Mr. Rue alleged that the parties were married in Xenia on April 18, 2002, and that there are two children of the marriage: Tiffany N. Rue, born October 15, 1991, and Bradley E. Rue, born July 11, 1997. The complaint alleged incompatibility, extreme cruelty, and gross neglect of duty and asked for a divorce, custody of both children, child support, attorney's fees, and spousal support.

{¶ 3} The record reflects that the complaint was served upon Mrs. Rue on July 20, 2005, by personal service. Mrs. Rue did not file an answer or other responsive pleading. A pretrial hearing was held on December 1, 2005. Mr. Rue and his trial counsel were present. Mrs. Rue was present, but was not represented. The following colloquy occurred:

{¶ 4} "THE COURT: Okay. Mrs. Rue, you haven't filed any answer, you haven't entered an appearance, you haven't done anything to contest the case.

{¶ 5} "MRS. RUE: I have, they have sent everything I file [sic] back to me.

{¶ 6} "THE COURT: You haven't filed anything, ma'am. If it is not filed with the Clerk of Courts, it is not my responsibility nor the Clerk of Courts responsibility to do your paperwork properly. That is your responsibility. Until it's done properly, it is not filed, so we're going to schedule this for an uncontested hearing and Mr. Sheets and his client will come in and conduct a hearing.

{¶ 7} "Now, if you get an attorney or you properly file a motion for request to answer late—you're out of time to answer now.

{¶ 8} "MRS. RUE: Mmm-hmm.

{¶ 9} "THE COURT: I'll grant that, but you can't do it by yourself. If you want to contest this case, you can't do it by yourself. It's as simple as that. Legally you may be able to, but you can't do it by yourself. Okay. You've had since July and it is not filed.

{¶ 10} "MRS. RUE: I know.

{¶ 11} "THE COURT: Mr. Sheets [representing Mr. Rue], I'll have the assignment clerk contact you, we'll set it for a one hour noncontested hearing at the next available. I don't know when that is. It won't be less than the two weeks you said. It more than likely will be sometime after the first of the year.

{¶ 12} "And, ma'am, the only way you can get that set aside is to get a proper motion filed asking for permission to now file your answer late and then I'll sign that and then you can file your answer.

{¶ 13} "But again, I don't think you can do that by yourself. Get an attorney and they'll file it, they know how to do that, that is what they're paid for. That is what they go to school for at least seven years to learn how to do.

{¶ 14} "We sent this case to mediation. I got a mediation report. That didn't result in any sort of agreement, so apparently I have some sort of underlying custody issue here. Again, this strengthens my statement that you can't do this by yourself.

{¶ 15} "First of all, if you don't get something properly filed you come in here on an uncontested hearing, Mr. Sheets is going to conduct a hearing and you'll sit there and be an observer. That is the way it works.

{¶ 16} "Are there any other issues that we can help settle; are there real estate issues or property issues?

{¶ 17} "MR. SHEETS: Not that I'm aware of, no.

{¶ 18} "MRS. RUE: Yes, there is property that needs to be divided but not real estate but personal property.

{¶ 19} "THE COURT: Okay. Again, unless you get something done here, you're not even sitting here properly to contest any of those issues. Nothing is before me that is being contested at this point. You need to get something done.

{¶ 20} "* * *

{¶ 21} "THE COURT: * * *. Mr. Sheets, you've got a motion here about an interview with the child.

{¶ 22} "MR. SHEETS: Yes.

{¶ 23} "THE COURT: If the matter is not contested, we certainly won't need to do that.

{¶ 24} "MR. SHEETS: Understood.

{¶ 25} "THE COURT: If the matter—if we get a contest then certainly I'll consider that. How old is the child?

{¶ 26} "MRS. RUE: 14.

{¶ 27} "THE COURT: Certainly at the age that I do interview the children then if there is a contest of those issues. * * *

{¶ 28} "* * *

{¶ 29} "THE COURT: You need to file an answer, you need to get an attorney to represent you if you want to get involved in contesting these issues. It's just, there is no other way to do it.

{¶ 30} "* * *

{¶ 31} "THE COURT: All right. There you go. Anything else?

{¶ 32} "MRS. RUE: Not at this present time, but there is other property.

{¶ 33} "THE COURT: Well, again, that is not even before me."

{¶ 34} The final hearing was held December 16, 2005. Again, Mr. Rue was present with his attorney. Mrs. Rue was present, but was not represented by counsel. At the outset of that hearing, the trial court informed Mrs. Rue: "[Y]ou haven't filed any answer or any counterclaim, anything of that nature, so you're going to be very limited as to your input today. We're not here contesting anything; there is nothing before the Court to be contested."

{¶ 35} Mr. Rue was called as a witness on his behalf. He testified that he and Mrs. Rue were incompatible, without going into any details. He then stated that he was "satisfied with the division of property as it now stands" and that he desired that the court name him as the residential parent. He indicated that there was no agreement to that effect.

{¶ 36} The trial court then asked Mr. Rue's counsel to go through a list of the divided property, for the record. The following colloquy ensued:

{¶ 37} "THE COURT: Your household goods and furnishings, you're telling me you have divided those?

{¶ 38} "MRS. RUE: (INDECIPHERABLE).

{¶ 39} "THE COURT: To your mutual satisfaction or—

{¶ 40} "MR. RUE: She hasn't told me what she wanted or anything.

{¶ 41} "MRS. RUE: I have, Your Honor, several times. I've advised several times over the last several months and he refuses to and neglects to give me any of my property.

{¶ 42} "THE COURT: Again, you haven't filed any answer or anything in this case. I'm not here—I'm not going to contest this stuff. Unless you two can work out what you're going to do with this property, you're going to each keep what you have in your own possession now."

{¶ 43} There was then a discussion of particular items of personal property, interrupted by the following colloquy:

{¶ 44} "THE COURT: You said something about some wedding band, what are you talking about?

{¶ 45} "MR. RUE: The wedding band set that I gotten [sic], she gave that to me when she was heading out the door.

{¶ 46} "THE COURT: What does that consist of?

{¶ 47} "MR. RUE: There an—

{¶ 48} "MRS. RUE: An engagement ring and a band.

{¶ 49} "THE COURT: I'm talking to him now. I don't want to hear you anymore unless you're asked a question. You understand that? Just destructive of what is going on here."

{¶ 50} Following Mr. Rue's testimony concerning the property and debts of the parties, the trial court asked Mrs. Rue if she was contesting grounds, and she stated: "We are incompatible."

{¶ 51} Later, the trial court asked Mr. Rue whether he was seeking spousal support, and he said that he was not. The trial court inquired of both parties concerning their income and expenses for purposes of determining child support. Without any testimony on the subject, and without eliciting the views of either party other than having initially ascertained that Mr. Rue was seeking to be named the residential parent, the trial court announced that it was awarding custody of the children to Mr. Rue, with a standard order of visitation.

{¶ 52} There was some discussion of the car that was being awarded to Mr. Rue. The trial court noted that Mrs. Rue's request that the car be refinanced to remove her liability as a co-obligor on the loan financing that car was reasonable and ordered it done. There was a discussion of a boat that was supposedly titled in the name of Mrs. Rue's grandfather, but with that certificate of title having been lost. The trial court determined that it had no jurisdiction over the boat.

{¶ 53} Finally, the trial court asked whether Mrs. Rue wanted to return to her maiden name, and she said that she did; the trial court said that he would sign an

order to that effect. The hearing then concluded. Although the trial court occasionally questioned Mrs. Rue on matters, she was never afforded an opportunity to cross-examine Mr. Rue, to call witnesses on her own behalf, or to argue concerning the division of property, child custody, or child support.

{¶ 54} On March 3, 2006, the trial court entered a final decree of divorce that, among other things, named Mr. Rue as the residential parent of the parties' children. From the judgment and decree of divorce, Mrs. Rue appeals.

II

{¶ 55} Mrs. Rue's sole assignment of error is as follows:

{¶ 56} "The trial court erred in not considering the best interest of children under R.C. 3109.04"

{¶ 57} From the record, it is apparent that the trial court concluded that because Mrs. Rue had not filed an answer, she could not contest any of the issues in the divorce, including the issue of which parent should be named the residential parent. Therefore, the trial court reasoned, there was nothing for it to consider. Mrs. Rue was not permitted to present any evidence or argument concerning the best interests of the children, and the trial court had no evidence before it on this subject beyond Mr. Rue's bare assertion of his desire to be named the residential parent.

{¶ 58} In his brief, Mr. Rue notes:

{¶ 59} "The basis of Appellant's argument is that the trial court erred in not permitting her to participate in the Final Hearing due to her failure to file an answer and that it further erred by not stating findings of fact related to the best interests of the children under R.C. 3109.04. * * *

{¶ 60} "It must be remembered that Appellant failed to file an answer to the complaint and, as such, was in default. Generally, a party in default cannot otherwise appear and attempt to defend the action. In fact, the Civil Rules provide that a party in default need not even be served with further documents in the matter."

{¶ 61} We agree with Mr. Rue that the essence of Mrs. Rue's argument is that the trial court erred by, in effect, rendering a default judgment of divorce against her without permitting her to participate meaningfully in the trial. We agree with Mrs. Rue that this was, in fact, reversible error.

{¶ 62} The provision of the Ohio Rules of Civil Procedure concerning default judgment, to which Mr. Rue refers, is Civ.R. 55. Civ.R. 75(F) provides: "The provisions of Civ.R. 55 shall not apply in * * * divorce, annulment, [or] legal separation [actions]." This is consistent with the trial court's independent

obligations: (1) pursuant to R.C. 3105.171(B) to divide the marital and separate property equitably between the parties; and (2) pursuant to R.C. 3109.04(A) "after hearing the testimony of either or both parents," to allocate the parental rights and responsibilities for the care of the minor children of the marriage "in a manner consistent with the best interest of the children." The performance of this independent judicial duty does not lend itself to judgment by default.

{¶ 63} A divorce litigant may not be prevented from presenting evidence because the litigant has failed to file an answer. *Campbell v. Campbell* (Aug. 13, 1993), Gallia App. No. 92 CA 39, 1993 WL 307535. We approve and follow *Campbell v. Campbell.*

{¶ 64} It may be good case management for a domestic-relations court to maintain a separate docket for noncontested divorces, and we are aware that this is a venerable practice within some of the counties in our jurisdiction. But the fact that a divorce litigant has not filed an answer does not prevent the litigant from contesting one or more issues in the divorce. In the occasional case, this may mean that a case set for hearing on the noncontested docket may have to be reset for the contested docket because the nonanswering, and hitherto unassertive, defendant shows up at the hearing intending to contest one or more issues. In this case, though, the pretrial conference alerted the trial court to the fact that this was a contested case, despite the fact that Mrs. Rue had not answered the complaint, so there was an opportunity to reset the case on the contested docket.

{¶ 65} The trial court also seems to have been under the impression that a divorce litigant may not proceed pro se. It may be almost as unwise for a divorce litigant to proceed pro se as it is for a defendant in a capital murder case to do so, but a divorce litigant, unlike a criminal defendant, has no right to the appointment of counsel at state's expense if the litigant is indigent. A divorce litigant who cannot afford an attorney is not thereby barred from being heard. To hold otherwise would violate the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and the Open Courts provision in Article I, Section 16 of the Ohio Constitution.

{¶ 66} Mrs. Rue's sole assignment of error is sustained.

### III

{¶ 67} Mrs. Rue's sole assignment of error having been sustained, that part of the judgment of the trial court awarding a divorce is affirmed, both parties having agreed, in open court, that they are incompatible. The judgment of the

trial court is reversed in all other respects, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and WALTERS, JJ., concur.

SUMNER E. WALTERS, J., retired of the Third Appellate District, sitting by assignment.