OPINION
{¶ 1} Defendant-appellant Steven L. Altier appeals a judgment of the Court of Common Pleas of Perry County, Ohio, which granted plaintiff-appellee Christy A. Altier a divorce, divided the marital property, and awarded her spousal support. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROHIBITED APPELLANT FROM PRESENTING EVIDENCE OR PARTICIPATING IN THE HEARING.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING A DIVISION OF PROPERTY WHICH WAS UNSUPPORTED BY VALID PROBATIVE EVIDENCE AT TRIAL.
 {¶ 4} "III. THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT WAS UNREASONABLE."
 {¶ 5} The record indicates appellee filed a complaint for divorce on September 13, 2005. Accompanying the complaint, appellee filed various documents, including an affidavit of income, expense and financial disclosure forms, a request for production of documents, and interrogatories. Appellant did not file an answer to the complaint, or an affidavit or other financial disclosure. The record does not indicate he complied with the discovery requests, although appellee did not file a motion to compel. The summons which accompanied the complaint and other documents informed appellant he was required to answer the complaint within 42 days after the service of the summons, and, if he failed to appear and defend, judgment by default would be taken against him for the relief demanded in the complaint.
 {¶ 6} On September 19, 2005, the trial court sent notice of a non-oral hearing on temporary orders, including temporary spousal support. Appellant did not respond to the notice or to the temporary orders, and did not pay the $600 per month temporary spousal support.
 {¶ 7} On November 9, 2005, the court entered a notice/order of hearing for an uncontested divorce. On December 5, 2005, the court called the case for final hearing. Appellee appeared with her counsel and appellant appeared pro se. The court informed appellant at the outset, because he had not filed an answer in the case, the divorce hearing would go forward uncontested. Appellant informed the court he did not have an attorney because he could not afford one, but there were some questions he liked to get answered, if possible. Appellee objected to appellant's participation in the case, and the court informed appellant, although he could not contest the evidence, he could ask questions for clarification.
 {¶ 8} The court took testimony from appellee regarding the grounds for the divorce and detailing the parties' assets. Appellee testified appellant had paid no spousal support, and she requested a lump sum judgment for the arrearage, plus $300 per week in spousal support for three years. Appellee indicated she would provide her own health insurance.
 {¶ 9} At the close of appellee's case, appellant addressed the court, informing it he believed some of appellee's testimony was inaccurate. Appellant asserted he had documents to prove his allegations, and informed the court he had offered to have all the parties' assets sold and divided fifty-fifty. The court expressed some misgivings about the uncontested divorce because of the large amount of property to be divided. The court advised appellant legally, he was not present because he had not filed an answer or any other pleading. The court informed appellant appellee had the right to go forward uncontested because she was the only person properly in the case.
 {¶ 10} The trial court accepted appellee's proposed judgment entry and decree of divorce.
 I {¶ 11} In his first assignment of error, appellant argues the trial court abused its discretion in prohibiting him from presenting evidence or participating in the divorce hearing.
 {¶ 12} The Ohio Supreme Court has frequently defined the term abuse of discretion as implying the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St. 3d 217, 450 N.E. 2d 1140.
 {¶ 13} As set forth supra, appellant neither filed an answer nor participated in the proceedings until the matter came on for final hearing on December 18, 2005. For such reason, the trial court treated the matter as uncontested and refused to allow appellant to participate. We agree with the trial court appellant's failure to file an answer precludes him from contesting the grounds for divorce. However, we find such failure does not preclude appellant from participating at the "uncontested" hearing on all other marital issues.
 {¶ 14} The appropriate remedy for appellant's failure to respond to discovery requests is the filing of a motion to compel, not the denial of the right to participate at the final hearing. Likewise, the appropriate remedy for failure to comply with temporary orders is a motion for contempt, not the denial of the right to participate at the final hearing. Additionally, the appropriate remedy for failing to timely provide documents to the opposing party is either a continuance or the exclusion of the proffered documents, not the denial of the right to participate at the final hearing.
 {¶ 15} The trial court, in this matter, was required to divide property, including real estate and the parties' debts. At the final hearing, appellee failed to provide to the trial court much in the form of documentation with respect to the same. Although such failure may have been due, in great part, to appellant's failure to provide discovery to appellee, we find the trial court abused its discretion in refusing to allow appellant to participate altogether. See, e.g.Rochow v. Rochow (April 26, 1996), Mahoning App. No. 94 C.A. 49, unreported; and Skaggs v. Skaggs (June 23, 1995), Marion App. No. 9-94-60, unreported.
 {¶ 16} Appellant's first assignment of error is sustained.
 II, III {¶ 17} In light of our disposition of assignment of error one, we find appellant's second and third assignments of error to be premature.
 {¶ 18} The judgment of the Court of Common Pleas of Perry County, Ohio, is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By Hoffman, J.,
Edwards, J., concurs separately,
Gwin, P.J., dissents