[Cite as *Thompson v. Thompson*, 2015-Ohio-4103.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| TIERRA THOMPSON | ) | CASE NO. 14 MA 178 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| PATRICK D. THOMPSON, SR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                   Pleas, Domestic Relations Division, of
                                   Mahoning County, Ohio
                                   Case No. 14 DR 223

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Elsa Reale Gottfried
                                   Community Legal Aid Services
                                   160 E. Market Street, Suite 225
                                   Warren, Ohio  44481

For Defendant-Appellant:           Atty. Matthew C. Giannini
                                   1040 South Commons Place
                                   Suite 200
                                   Youngstown, Ohio  44514

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                   Dated:  September 30, 2015

WAITE, J.

{¶1} Appellant Patrick D. Thompson, Sr. appeals the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, granting the divorce complaint filed by his wife, Appellee Tierra Thompson. Appellant's argument on appeal is that the final magistrate's hearing should not have been held in his absence and that a continuance should have been granted. Appellant was represented by two different attorneys during the preliminary aspects of the case, but both filed motions to withdraw due to incompatibility issues with Appellant, and both motions were granted. Appellant had two months after being notified of the final hearing to obtain new counsel, but did not. He also could have attended the hearing himself, but he did not. Appellant claims that he called the magistrate on the day of the final hearing to ask for a continuance, but there is no record of such a call. Furthermore, the domestic relations court's local rules require motions to be in writing and there is no such writing in the record. There is no basis in the record to support Appellant's argument on appeal, and the judgment of the trial court is affirmed.

## Case History

{¶2} The parties were married on April 27, 2011. There is one minor child from the relationship. Appellee filed a complaint for divorce on April 29, 2014. Appellant, through counsel, filed an answer on May 14, 2014. On June 25, 2014, counsel filed a motion to withdraw due to Appellant's failure to pay his fees and failure to cooperate in litigation of the case. The motion was granted. Appellant obtained new counsel.

**{¶3}** Final pretrial was held before the magistrate on August 8, 2014. The court noted that Appellant had a history of domestic violence and had a criminal domestic violence charge pending in Youngstown Municipal Court. Appellant became angry during the hearing and walked out before the hearing concluded. Parenting issues were forwarded to a dispute resolution counselor, and final hearing was set for October 3, 2014. (*See* 8/19/14 Magistrate's Decision.)

**{¶4}** On August 11, 2014, counsel moved to withdraw because Appellant refused to take his advice, constantly interrupted court proceedings, and left the final pretrial hearing before counsel could present his case. The motion was granted on August 13, 2014.

**{¶5}** Appellant did not obtain new counsel and did not appear at the final hearing on October 3, 2014. Appellee appeared with counsel and the hearing went forward. After presentation of Appellee's evidence, divorce was granted. Appellee was designated as the residential parent of the parties' minor child. Appellant was ordered to pay child support. No spousal support was ordered. The court also divided the marital property. The magistrate's decision was filed on October 21, 2014.

**{¶6}** On November 3, 2014, Appellant, through his third attorney, filed an objection to the magistrate's decision. Appellant argued that the court should have granted a continuance of the divorce hearing due to Appellant's multiple changes in counsel. The court held a hearing on the objections on November 25, 2014. The court found that Appellant had notice of the final divorce hearing. The court found

that no motion for continuance was filed as required by local court rules. The court found that there was no evidence to support Appellant's contention that he attempted to hire another attorney prior to the final divorce hearing. While it appeared that Appellant was attempting to overturn the divorce on grounds of excusable neglect, the trial court noted that neglect is not excusable when the party or his attorney could have controlled or guarded against the happening or circumstance. The court found no excusable neglect, overruled Appellant's objection, affirmed the magistrate's decision, and issued the final order of divorce. The judgment entry was filed on December 3, 2014. This timely appeal followed.

## ASSIGNMENT OF ERROR

Whether the trial court abused its discretion in failing to balance the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant by proceeding with his divorce trial in his absence under the particular circumstances of this case.

{¶7} Appellant's main argument on appeal is that the trial court should have granted him a continuance rather than conduct the divorce hearing in his absence. It is within the trial court's discretion whether to grant or deny a motion for a continuance. *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 130-131, 573 N.E.2d 98 (1991). A reviewing court will not disturb the trial court's ruling absent an abuse of that discretion. *Id.* An abuse of discretion connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶8}** Appellant understands that a trial court has discretion in granting a continuance, but he argues that the court's discretion must be balanced between the interest in an efficient judicial system versus the possibility of prejudice to the moving party. *See, e.g., State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981).

**{¶9}** In considering a party's motion for continuance, a trial court should consider a variety of factors:  (1) the length of the delay requested; (2) if any prior continuances were requested and received; (3) the inconvenience to all parties involved, including the court; (4) if the continuance is for legitimate reasons; (5) if the party requesting the continuance contributed to the circumstances giving rise to the request for continuance; and (6) any other relevant factors.  *Youngstown Metro. Hous. Auth. v. Barry*, 7th Dist. No. 94-CA-147, 1996 WL 734017, at *1.

**{¶10}** In this case it is apparent that no motion for continuance was even filed. Although Appellant claims he made a phone call to the court on the day of trial asking for a continuance, there is no record of this call.  Furthermore, Mahoning County Court of Common Pleas, Domestic Relations Division Loc.R. 8.10(A) requires all motions for continuance to be filed in writing with a copy delivered to the court's assignment commissioner.  There is no written motion in the record.  A court does not abuse its discretion in failing to grant a continuance when the local rules require motions for continuance to be in writing and no written continuance is filed.  It is equally true that no abuse of discretion is present when Appellant alleges that a

phone call rather than a written motion is made asking for the continuance shortly before trial. *Pritts v. Pritts*, 7th Dist. No. 00-BA-48, 2001 WL 1610138. Moreover, the record in this matter reveals that Appellant was partially at fault for continually discharging his counsel and failing to be cooperative in these proceedings.

**{¶11}** Appellant is mistaken that the trial court erroneously granted a default judgment of divorce because the default judgment rule, Civ.R. 55, does not apply in a divorce action. *See* Civ.R. 75(F); *Wood v. Hein*, 10th Dist. No. 14AP-382, 2014-Ohio-5564. No default judgment was requested or issued in this case. The matter went to trial. Evidence was heard and a ruling was issued on the merits. The alleged error in this case is that the court failed to grant a continuance. Since there is no evidence that a continuance was requested, there was no reason to grant continuance, here. Therefore, Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.