[Cite as *Gould v. Gould*, 2021-Ohio-3493.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Iulia I. Gould, | : | |
| Plaintiff-Appellee, | : | Case No. 20AP-3 |
| | | (C.P.C. No. 18DR-4728) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Bret A. Gould, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2021

**On brief:** *Priya D. Tamilarasan*, for appellee, Iulia I. Gould.

**On brief:** Nielsen Law, LLC, *Jennifer A. Nielsen*, and *Kate A. Venable,* for appellant, Bret A. Gould.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

SADLER, J.

{¶ 1} Defendant-appellant, Bret A. Gould, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting plaintiff-appellee, Iulia I. Gould, a divorce, allocating parental rights and responsibilities, and dividing marital property. For the following reasons, we reverse the judgment and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Bret and Iulia were married on September 16, 2000. Two children were born as issue of the marriage: Iris Gould, born April 25, 2002, and Jasmine Gould, born September 2, 2004.

{¶ 3}   Iulia filed a complaint for divorce on December 19, 2018, alleging the parties were "incompatible resulting from irreconcilable differences which make it impossible for the two to remain married." (Dec. 19, 2018 Compl. at ¶ 7.)  Bret waived service of the complaint on January 15, 2019; despite being represented by counsel during portions of the proceedings, Bret never filed an answer to the complaint.  A magistrate of the trial court issued an agreed temporary order providing that each party was the temporary residential parent and legal custodian of the children while the children were with them.  The order also provided that Bret would vacate the marital home on or before February 14, 2019.

{¶ 4}   On May 8, 2019, the trial court issued an agreed entry permitting the parties to complete a pending sale of certain marital property located in Chicago, Illinois.  Two days later, on May 10, 2019, the parties submitted stipulations regarding the value of certain marital property "[i]n the event that [the] case proceeds to a contested action." (May 10, 2019 Stipulations at 1.)  In August 2019, Iulia moved to refer the case to mediation to determine the allocation of parental rights and responsibilities.  That same month, Bret's attorney was granted leave to withdraw from the case, based on an assertion of fundamental disagreement.  The parties participated in mediation, resulting in a partial agreement.  Bret then secured new attorneys, who filed a notice of appearance on November 22, 2019.

{¶ 5}   On December 3, 2019, Iulia and Bret, represented by counsel, appeared before the trial court for a scheduled uncontested hearing.  Following testimony from Iulia and a witness on her behalf, the following exchange occurred:

> The Court: Okay.  The divorce will be granted on the grounds --
>
> [Bret's counsel]: Your Honor, we object.  My client denies incompatibility.
>
> The Court: Okay.  Do you want to -- well, he didn't file an answer; so is there any other reasons you want me to put on the record?  Have you lived separate and apart for greater than one year?
>
> [Iulia]: No.  For about one year.
>
> [Iulia's counsel]: Yeah.
>
> [Iulia]: Since February.
>
> The Court: Okay.  Well, then we can talk about gross neglect of duty or extreme cruelty.
>
> [Bret's counsel]:  Your Honor, that has not been alleged.

[Iulia's counsel]: Your Honor, I don't believe that there needs to be any other basis mentioned because there was no answer. There was no formal denial of anything.

The Court: He didn't formally deny it.

[Bret's counsel]: Your Honor, my client is -- besides the fact that he denies incompatibility, opposing counsel disclosed no witnesses. There was no trial notebook. She had no pretrial statement.

The Court: It's uncontested.

[Bret's counsel]: She filed no pretrial statements stating her position, and opposing party changed her position two weeks ago, Your Honor.

My client -- this has been essentially an ambush and because incompatibility is denied, this shouldn't go forward.

The Court: Well, there was no answer filed; so it wasn't really denied. So I'm going to grant on the grounds of incompatibility, and you'll be restored to your former name.

(Dec. 3, 2019 Tr. at 8-9.)

{¶ 6} Following the hearing, the trial court issued a judgment granting Iulia a divorce on the grounds of incompatibility, naming Iulia the sole custodian and legal guardian of the children, providing for parenting time and other parental rights and responsibilities, and dividing the marital property. The trial court also issued findings of fact that the marital property and liabilities were not being divided equally but that the division was equitable based on the stipulations filed with the court on May 10, 2019. Bret timely appealed the trial court's judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Bret assigns the following as trial court error:

1. First Assignment of Error: The trial court erred as a matter of law and abused its discretion by denying the Appellant an opportunity to fully participate in the proceedings before the trial court at the final hearing

2. Second Assignment of Error: The trial court erred and abused its discretion by granting Appellee a divorce based on incompatibility when Appellant denied incompatibility

3. Third Assignment of Error: The trial court erred and abused its discretion in the allocation of parental rights and responsibilities by granting Appellee sole custody

> without considering the factors of R.C. 3109.04 for determining the best interests of the children

4. Fourth Assignment of Error: The trial court erred and abused its discretion by naming Appellant Child Support Obligor and Health Insurance Obligor without addressing the presumption of R.C. 3119.30(B)

5. Fifth Assignment of Error: The trial court erred and abused its discretion by accepting stipulations submitted by Appellee as the basis for the findings of fact that the division of marital property was equitable

6. Sixth Assignment of Error: The trial court erred and abused its discretion by allocating the parties' property and debt by failing to satisfy the requirements of R.C. 3105.171

7. Seventh Assignment of Error: The trial court erred and abused its discretion by failing to distribute the Appellee's Romania real property, and other items of personal property

## III. STANDARD OF REVIEW

{¶ 8} "A trial court has broad discretion in determining the proper grounds for divorce, and a reviewing court will not reverse that determination absent an abuse of discretion." *Galloway v. Khan*, 10th Dist. No. 06AP-140, 2006-Ohio-6637, ¶ 71. Likewise, a trial court "has broad discretion in determining the appropriate allocation of parental rights and responsibilities." *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 43. Similarly, "[w]e will uphold a trial court's valuation and division of marital property absent an abuse of discretion." *Habtemariam v. Worku*, 10th Dist. No. 19AP-47, 2020-Ohio-3044, ¶ 45. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

## IV. LEGAL ANALYSIS

{¶ 9} In his first assignment of error, Bret asserts the trial court erred by denying him an opportunity to meaningfully participate in the hearing. In his second assignment of error, Bret claims the trial court erred by granting the divorce because he denied incompatibility. Iulia concedes error as to the first and second assignments of error.

Because Bret's first and second assignments of error are related, we will address them together.

{¶ 10} At the hearing, the trial court concluded that Bret had not "formally" denied Iulia's claim of incompatibility, stating "[w]ell, there was no answer filed; so it wasn't really denied." (Tr. at 9.) Bret expressly denied incompatibility at the hearing, but the trial court disregarded that denial and granted the divorce "on the grounds of incompatibility." *Id.*

{¶ 11} Civ.R. 55, which governs default judgments, does not apply in divorce actions. Civ.R. 75(F); *Wood v. Hein*, 10th Dist. No. 14AP-382, 2014-Ohio-5564, ¶ 7. Therefore, " 'a party may still appear at the final hearing and present evidence regardless of that party's failure to answer the complaint.' " *Wood* at ¶ 8, quoting *Franklin v. Franklin*, 10th Dist. No. 11AP-713, 2012-Ohio-1814, ¶ 8.

{¶ 12} In *Wood*, the defendant did not file an answer to the complaint but appeared at the hearing where the case was set for an uncontested trial. *Id.* at ¶ 2. The defendant asserted that he contested the divorce; the trial court held that because he had not responded to the complaint the hearing would go forward uncontested. *Id.* at ¶ 3. The trial court refused to permit the defendant to testify or cross-examine the plaintiff's witnesses and granted the divorce immediately after the hearing. *Id.* at ¶ 4-5. On appeal, this court reversed, holding that " '[p]reventing a party from presenting evidence at a divorce trial because [that party] failed to file a formal answer constitutes an abuse of discretion.' " *Id.* at ¶ 7, quoting *McKenzie v. McKenzie*, 3d Dist. No. 9-13-15, 2013-Ohio-4859, ¶ 4. Although the defendant in *Wood* had not filed an answer to the complaint, he appeared at the final hearing and declared that he contested the divorce; therefore, the trial court abused its discretion by denying him an opportunity to participate in the final hearing. *Id.* at ¶ 9.

{¶ 13} Like *Wood*, in the present case, Bret did not file an answer to Iulia's complaint, but he appeared at the final hearing and denied incompatibility. " '[T]he fact that a divorce litigant has not filed an answer does not prevent the litigant from contesting one or more of the issues in the divorce.' " *Id.* at ¶ 8, quoting *Rue v. Rue*, 169 Ohio App.3d 160, 2006-Ohio-5131, ¶ 64 (2d Dist.). As explained more fully below, incompatibility is a " 'status that must be agreed on by both parties; it is a consensual grounds that is not intended to be litigated.' " *Galloway*, 2006-Ohio-6637, at ¶ 76, quoting *Rodgers v. Henninger-Rodgers*, 5th Dist. No. 02CA79, 2003-Ohio-2642, ¶ 12. By granting the divorce

on the grounds of incompatibility despite Bret's express denial at the hearing, the trial court effectively denied him the opportunity to participate in the hearing and thereby abused its discretion.

{¶ 14} Under R.C. 3105.01(K), the common pleas court may grant a divorce for "[i]ncompatibility, unless denied by either party." " 'The requirement that the allegation of incompatibility not be denied by either party was included to prevent the unilateral declaration of incompatibility by one party which would otherwise give the court jurisdiction to terminate the marriage and make all concomitant orders.' " *Galloway* at ¶ 76, quoting *Rodgers* at ¶ 12. A divorce based on incompatibility " '[cannot] be granted unilaterally over an objection of the other party * * *. If incompatibility is contested, the contest is over, and the claim must be dismissed.' " *Id.*, quoting *Byers v. Byers*, 5th Dist. No. 2000CA000159 (Feb. 5, 2001).

{¶ 15} Iulia alleged the parties were incompatible; Bret denied that allegation. Because incompatibility was contested, the trial court abused its discretion by granting a divorce on that basis. *See Galloway* at ¶ 77 (holding that trial court did not err by granting a divorce based on incompatibility when both parties alleged it as grounds for divorce and incompatibility was not contested); *Calvert v. Calvert*, 6th Dist. No. OT-12-024, 2013-Ohio-4421, ¶ 13 ("As the issue of compatibility was contested at trial, we conclude that the trial court did not err in denying a divorce on the basis of incompatibility.").

{¶ 16} In this case, incompatibility was the only basis for divorce alleged in the complaint. The trial court asked at the hearing whether the parties had lived separate and apart without interruption for one year, which would provide grounds for divorce under R.C. 3105.01(J). Iulia testified they had lived apart since February 2019, which was less than one year prior to the hearing date. Iulia did not allege or present evidence to support any other grounds for divorce under R.C. 3105.01. Therefore, because the sole ground for divorce was incompatibility and that ground was disputed, the trial court abused its discretion by granting the divorce decree.

{¶ 17} Because the trial court abused its discretion by denying Bret an opportunity to participate at the hearing and granting the divorce decree when the sole ground of incompatibility was contested, we sustain Bret's first and second assignments of error.

{¶ 18} Bret's third through seventh assignments of error relate to the trial court's allocation of parental rights and responsibilities and the allocation and division of marital property. Because we conclude the trial court abused its discretion by granting the divorce decree, those assignments of error are rendered moot.[1] *See Wood*, 2014-Ohio-5564 at ¶ 10.

## V. CONCLUSION

{¶ 19} For the foregoing reasons, we sustain the first and second assignments of error, which renders moot the third through seventh assignments of error. We reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this case to that court for further proceedings consistent with law and this decision.

*Judgment reversed; cause remanded.*

MENTEL and JAMISON, JJ., concur.

_____

---

[1] We note that Iulia's brief on appeal conceded error as to the seventh assignment of error, in which Bret alleged the trial court erred by failing to distribute certain marital property located in Romania. We have previously held that "a trial court should value and divide *all* marital property in a divorce, and in the majority of cases, the failure to do so amounts to an abuse of discretion." (Emphasis sic.) *Hackman v. Hackman*, 10th Dist. No. 08AP-516, 2009-Ohio-820, ¶ 23.