[Cite as *Wilkes v. Wilkes*, 2025-Ohio-1031.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Fred F. Wilkes, :

      Plaintiff-Appellee, : No. 24AP-210
(C.P.C. No. 23DR-3519)

v. :

      (REGULAR CALENDAR)

Monda L. Wilkes, :

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on March 25, 2025

---

**On brief**: *Amanda C. Baker*, and *Kelly M. Wick*, for appellee.
**Argued**: *Amanda C. Baker*.

**On brief**: *Trolinger Law Offices, LLC*, and *Christopher L. Trolinger*, for appellant. **Argued**: *Christopher L. Trolinger*.

---

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Defendant-appellant, Monda L. Wilkes, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a divorce and terminating her marriage to plaintiff-appellee, Fred F. Wilkes. For the reasons that follow, we reverse.

**I. Facts & Procedural History**

{¶ 2} Appellant and appellee were married on May 31, 1997, in Columbus, Ohio. On November 3, 2023, appellee filed a complaint for divorce without children, alleging the parties were incompatible and had lived separate and apart for more than one year.

{¶ 3}   Appellant received service of the summons and complaint on December 4, 2023, but did not file an answer.  On January 17, 2024, appellee's counsel requested an uncontested hearing on the complaint.  The court granted appellee's request.

{¶ 4}   On February 23, 2024, the court held an uncontested hearing on the complaint for divorce.  Appellant appeared at the hearing pro se, and appellee appeared at the hearing with counsel.  Appellee presented testimony from himself and his brother at the hearing.  Appellee stated that he and appellant had lived separate and apart, not held themselves out as married, not vacationed together, not been intimately involved, and maintained separate residences and bank accounts since September 2007.  Appellee affirmed he and appellant were incompatible.  Appellee's brother affirmed appellant and appellee were incompatible and had lived separate and apart for many years.  Appellee provided the court with a proposed judgment entry and decree of divorce.

{¶ 5}   The court did not offer appellant an opportunity to present evidence or cross-examine the witnesses at the hearing.  At the conclusion of appellee's case-in-chief, the court addressed appellant stating, "I mean, it's uncontested. So you saw the decree and you're aware of it, so since you're here, the divorce is granted." (Tr. at 10.)

{¶ 6}   On February 23, 2024, the trial court issued the judgment entry and decree of divorce prepared by appellee.  The decree identified the duration of the marriage as May 31, 1997 to September 30, 2007, granted the parties a divorce on grounds of incompatibility and living separate and apart for more than one year, and divided the parties' assets and liabilities.

## II. Assignments of Error

{¶ 7}   Appellant appeals, assigning the following five assignments of error for our review:

> I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT A CONTINUANCE OF THE FINAL HEARING.
>
> II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISALLOWING THE APPELLANT TO PARTICIPATE IN THE FINAL HEARING EFFECTIVELY TREATING THE APPELLANT AS BEING IN DEFAULT DESPITE CIV.R. 75(F) PROVIDES THAT CIV.R. 55 DOES NOT APPLY TO DIVORCE PROCEEDINGS.

III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERTMINING A DE FACTO TERMINATION DATE OF MARRIAGE WITHOUT ANY JUSTIFICATION OR ANALYSIS CONTRARY TO R.C. 3105.171(A)(2)(b).

IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO VALUE THE MARITAL PROPERTY AS THE DIVISION AS ORDERED WAS NOT EQUITABLE AND NOT SUPPORTED BY THE RECORD.

V. THE TRIAL COURT ERRED AND ABUSED [ITS] DISCRETION BY FAILING TO MAKE ANY REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE EQUITABILITY OF THE PROPERTY DIVISION PURSUANT TO R.C. 3105.171(G) OR MAKE FINDINGS THAT THE FACTORS IN R.C. 3105.171(F) WERE CONSIDERED.

### III.  First Assignment of Error — Continuance

{¶ 8}  In her first assignment of error, appellant asserts the trial court erred by denying her a continuance of the final hearing.  "A trial court has broad discretion when ruling on a motion for continuance, and an appellate court reviews the trial court's determination of a motion to continue a trial date for abuse of discretion." *Morgan v. Ohio State Univ. College of Dentistry*, 2014-Ohio-1846, ¶ 53 (10th Dist.), citing *Townsend v. Ohio Dept. of Transp.*, 2012-Ohio-2945, ¶ 55 (10th Dist.).  An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  *See In re B.G.W.*, 2008-Ohio-3693, ¶ 23 (10th Dist.), citing *State v. Unger*, 67 Ohio St.2d 65, 67 (1981) (identifying the factors an appellate court considers to determine whether a trial court abused its discretion in denying a motion for continuance).

{¶ 9}  Appellant asserts she requested a continuance of the final hearing when she appeared at the hearing and told the court she "needed more time."  (Appellant's Brief at 8.)  The hearing transcript demonstrates the following exchange between the court and appellant:

> The Court: But you've come today and you're aware of what's going on and you didn't file an answer, correct?

> [Appellant]: I mean, I needed more time. Like, I didn't - - so it is what it is, sir.

(Tr. at 4.)  Appellant's statement indicating she "needed more time" explained why she did not file an answer to the complaint.  The statement cannot reasonably be construed as a request to continue the final hearing.

{¶ 10} Moreover, Franklin C.P. Div.Dom.Rel. Loc.R. 4(H) provides that "[a]ll motions for continuance . . . must be on a form promulgated by the court." Appellant never filed a motion for continuance on a form promulgated by the trial court, as required by Loc.R. 4(H).  "A court does not abuse its discretion in failing to grant a continuance when the local rules require motions for continuance to be in writing and no written continuance is filed." *Thompson v. Thompson*, 2015-Ohio-4103, ¶ 10 (7th Dist.).  Accordingly, the court did not abuse its discretion by failing to grant a continuance of the final hearing.  Appellant's first assignment of error is overruled.

## IV.  Second Assignment of Error — Meaningful Participation

{¶ 11} In her second assignment of error, appellant asserts the trial court abused its discretion by not allowing her to participate in the final hearing.  Appellant contends the court effectively treated her as being in default under Civ.R. 55 because she did not file an answer.  *See* Civ.R. 55(A) (providing for entry of default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend").  Civ.R. 75(F), however, provides that the "provisions of Civ.R. 55 shall not apply in actions for divorce." Accordingly, the "default judgment rule in Civ.R. 55 does not apply in divorce proceedings." *Franklin v. Franklin*, 2012-Ohio-1814, ¶ 8 (10th Dist.).

{¶ 12} "A judgment of divorce entered after a court bars the non-answering spouse from meaningful participation in the divorce trial is, in effect, a default judgment." *Wood v. Hein*, 2014-Ohio-5564, ¶ 7 (10th Dist.), citing *McKenzie v. McKenzie*, 2013-Ohio-4859, ¶ 4 (3d Dist.).  Because Civ.R. 55 does not apply to actions for divorce, "a party may still appear at the final hearing and present evidence regardless of that party's failure to answer the complaint." *Franklin* at ¶ 8.  *Accord Rue v. Rue*, 2006-Ohio-5131, ¶ 64 (2d Dist.) (finding the "fact that a divorce litigant has not filed an answer does not prevent the litigant from contesting one or more issues in the divorce").  The inapplicability of Civ.R. 55 in actions for divorce is consistent with the trial court's independent obligations to divide the

marital and separate property equitably between the parties, pursuant to R.C. 3105.171(B), and to allocate the parental rights and responsibilities for the care of the minor children pursuant to R.C. 3109.04(A). *Rue* at ¶ 62. The court's performance of its "independent judicial duty does not lend itself to judgment by default." *Id.*

{¶ 13} In *Wood*, the defendant did not answer the complaint for divorce but appeared at the final hearing and informed the trial court he "contest[ed] the divorce." *Id.* at ¶ 3. The court told the defendant he could not "contest any of the related issues to these proceedings" because he had not filed an answer. *Id.* On appeal, this court reversed holding that, because the defendant "appeared at the final hearing and announced that he contested the divorce," the trial court "erred in denying him the opportunity to participate in the final hearing." *Id.* at ¶ 9. *Accord Gould v. Gould*, 2021-Ohio-3493, ¶ 13 (10th Dist.) (stating that "[b]y granting the divorce on the grounds of incompatibility despite [the non-answering defendant's] express denial at the [final] hearing, the trial court effectively denied [the defendant] the opportunity to participate in the hearing and thereby abused its discretion").

{¶ 14} In *Rue*, the defendant failed to answer the complaint for divorce but appeared at both a pretrial hearing and the final hearing. At the pre-trial hearing, the defendant informed the trial court there was "property that need[ed] to be divided." *Rue* at ¶ 18. At the final hearing, the defendant informed the court the plaintiff "refuse[d] to and neglect[ed] to give [her] any of [her] property." *Id.* at ¶ 41. Although the court occasionally asked the defendant questions during the final hearing, "she was never afforded an opportunity to cross-examine [the plaintiff], who testified, to call witnesses on her own behalf, or to argue concerning the division of property, child custody, or child support." *Id.* at ¶ 53. The appellate court found it "apparent that the trial court concluded that because [the defendant] had not filed an answer, she could not contest any of the issues in the divorce." *Id.* at ¶ 57. The appellate court concluded the trial court abused its discretion "by, in effect, rendering a default judgment of divorce against [the defendant], without permitting her to participate meaningfully in the trial." *Id.* at ¶ 61. *See also Campbell v. Campbell*, 1993 Ohio App. LEXIS 3938, *8-9 (4th Dist. Aug. 13, 1993) (holding that, because the non-answering defendant appeared at the final hearing and informed the trial court he wanted to contest the plaintiff's assets and values, the court abused its discretion

by refusing to "permit [the defendant] to present evidence" at the hearing); *Rochow v. Rochow*, 1996 Ohio App. LEXIS 1775, *4 (7th Dist. Apr. 26, 1996).

{¶ 15} In *Altier v. Altier*, 2006-Ohio-6667 (5th Dist.) the non-answering defendant appeared at the uncontested final hearing and informed the trial court there were "some questions he liked to get answered, if possible." *Id.* at ¶ 7. After the plaintiff testified, the defendant told the court he "believed some of [the plaintiff's] testimony was inaccurate." *Id.* at ¶ 9. The court told the defendant that "legally, he was not present because he had not filed an answer or any other pleading." *Id.* The appellate court reversed, finding the "trial court abused its discretion in refusing to allow [the defendant] to participate [in the hearing] altogether." *Id.* at ¶ 15. In *Skaggs v. Skaggs*, 1995 Ohio App. LEXIS 2666 (3d Dist. June 23, 1995) the non-answering defendant appeared at the final hearing, "waiv[ed] his arms around" while seated in the back of the courtroom, and attempted to "verbally object[]" during the plaintiff's testimony. *Id.* at *4. The trial court did not permit the defendant to participate in the hearing. The appellate court reversed stating that, "in light of defendant's apparent intent to defend this action, . . . his failure to file a formal answer should [not] have precluded him from testifying or presenting evidence at his trial." *Id.* at *6.

{¶ 16} In *McKenzie*, 2013-Ohio-4859, the defendant failed to answer the complaint for divorce but appeared at the final hearing. Although the defendant was present in the courtroom, the trial court did not offer him "an opportunity to present any evidence or to cross-examine the witnesses" and the court "proceeded as if it were an uncontested final hearing." *Id.* at ¶ 3. The appellate court determined that, "by appearing at the hearing, the defendant had indicated his intent to participate in the matter." *Id.* at ¶ 4, citing *Skaggs*. As such, the appellate court found the trial court erred by effectively "grant[ing] a default judgment of divorce, which is not permitted by Civil Rule 75(F)." *Id.* at ¶ 8. *See also Gordon v. Gordon*, 2009-Ohio-177, ¶ 17 (5th Dist.) (noting that, if the wife "had appeared for the hearing, she would have been permitted to present evidence at the hearing regardless of her default in failing to answer the complaint [for divorce]"). *Compare Bianco v. Bianco*, 1999 Ohio App. LEXIS 3989 (11th Dist. Aug. 27, 1999) (finding the trial court did not prevent the non-answering defendant from meaningfully participating in the final hearing, because the defendant "was late for the final hearing, agreed to the terms of the

court's judgment, and did not request the opportunity to testify or to present any other evidence"). *Id*. at *13.

{¶ 17} Appellant asserts the trial court did not allow her to participate in the final hearing. Appellant notes the court repeatedly stated the divorce was uncontested, summarily granted the divorce following appellee's case-in-chief, and did not afford her "the opportunity to cross-examine the witnesses" or "present a case in chief, testify, or present evidence." (Appellant's Brief at 11.)

{¶ 18} Appellee contends that, unlike the defendant in *Wood*, appellant did not make a statement at the hearing indicating she "contested any issues in the divorce." (Appellee's Brief at 11.) Although the non-answering defendant in *Wood* appeared at the final hearing and expressly stated he contested the divorce, such an express statement is not necessarily required. Indeed, courts have found other statements and actions from a non-answering defendant sufficient to establish the defendant's intent to defend the action. *See Skaggs*, 1995 Ohio App LEXIS 2666, at *6; *Altier*, 2006-Ohio-6667, at ¶ 7, 15. *See also McKenzie*, 2013-Ohio-4859, at ¶ 8 (finding the non-answering defendant's presence at the final hearing "entitled him to present evidence and to cross-examine the witnesses").

{¶ 19} Appellee also contends the present case is distinguishable from *Wood* because appellant "agreed she was [at the February 23, 2024 hearing] for an uncontested divorce." (Appellee's Brief at 11.) Appellee notes the following portion of the transcript to support his contention:

> The Court: All right. Good morning. We're here on 23DR-3519. This is Fred Wilkes and Monda Wilkes. We're here for an uncontested divorce; is that correct?
>
> [Appellant]: Yes.

(Tr. at 3.)

{¶ 20} Appellant's statement agreeing she was "there" for an uncontested divorce did not necessarily signify that she agreed to the uncontested status of the hearing. On January 17, 2024, appellee's counsel requested, and the trial court granted, an uncontested hearing on the complaint for divorce. The Notice Certificate for the uncontested hearing stated that "notice to the adverse party was mailed," as required by Civ.R. 75. (Notice Certificate.) *See* Civ.R. 75(K) and (L) (stating that no action for divorce "may be heard and

decided until the expiration of forty-two days after the service of process" and that in "all cases where there is no counsel of record for the adverse party, the court shall [mail] the adverse party notice of the trial upon the merits"). Thus, appellant's response agreeing she was "there" for an uncontested divorce may have reflected the fact that she received notice directing her to attend an uncontested divorce hearing.

{¶ 21} Following the above exchange, the trial court asked appellee's counsel if the divorce was uncontested. Appellee's counsel responded noting that appellee filed the complaint "in November and [appellant] was served in December and she didn't file an answer or anything, so we set it for an uncontested." (Tr. at 3-4.) The court then addressed appellant stating:

> The Court: But you've come today and you're aware of what's going on and you didn't file an answer, correct?
>
> [Appellant]: I mean, I needed more time. Like, I didn't - - so it is what it is, sir.
>
> The Court: It is.
>
> [Appellant]: It is what it is.
>
> The Court: All right. So we'll proceed. And you've seen the decree, so we'll move forward today.
>
> [Appellant]: Okay.

(Tr. at 4.)

{¶ 22} The trial court allowed appellee to present his case-in-chief, but did not offer appellant an opportunity to present evidence or cross-examine appellee's witnesses. The court also did not explain to appellant why she was not being permitted to do so. Appellee alleges appellant's statement, "it is what it is," suggested that, "having reviewed the Decree, [appellant] did not contest any part of the divorce." (Appellee's Brief at 12.) We disagree. Appellant's "it is what it is" statement cannot be construed as a statement either agreeing or disagreeing with the uncontested status of the divorce. Rather, viewing the statement in context, it merely reiterates or acknowledges appellant's prior point regarding why she did not answer the complaint.

{¶ 23} Appellee notes that, at the end of the hearing, the trial court addressed appellant and stated "it's uncontested.  So you saw the decree and you're aware of it, so since you're here, the divorce is granted." (Tr. at 10.)  Appellee asserts that, in response to the court's final statement to her, appellant "did not tell the trial court that she contested any issues in the divorce." (Appellee's Brief at 12.)  However, the court's final statement to appellant did not provide her with an opportunity to indicate she contested the divorce.  Rather, the court told appellant the matter was uncontested and then immediately told her the divorce had been granted.  Although the court noted appellant had "seen the decree," the court never asked appellant if she agreed with any of the terms contained in the proposed decree. *Compare Bianco*, 1999 Ohio App LEXIS 3989, at *13 (noting the trial court disclosed the "primary aspects of its judgment to appellant, who basically agreed to each of its terms" on the record).

{¶ 24} Although appellant failed to answer the complaint, appellant's presence at the hearing should have alerted the trial court to the possibility that she wanted to contest some issue in the divorce. *See McKenzie*, 2013-Ohio-4859, at ¶ 8; *Gordon*, 2009-Ohio-177, at ¶ 17. *See also Rue*, 2006-Ohio-5131, at ¶ 64-65 (noting that, when a case is scheduled for an uncontested hearing "because there was no indication that any issue was being contested," but the "non-answering, and hitherto unassertive, defendant shows up at the hearing intending to contest one or more issues," the court should "re-set the case on the contested docket").  Appellant's statement informing the court she "needed more time" to answer the complaint indicated she would have answered the complaint, and likely contested some issue in the case, had she had more time.  Accordingly, when appellant informed the court she did not answer the complaint because she "needed more time," the court should have been further alerted to the fact that appellant intended to contest some issue in the divorce. *Compare Rue* at ¶ 65 (finding the defendant's statements at "the pre-trial conference alerted the trial court to the fact that this was a contested case, despite the fact that [the defendant] had not answered the complaint").  As noted, appellant's failure to timely answer the complaint did not preclude her from presenting evidence at the final hearing. *Franklin*, 2012-Ohio-1814, at ¶ 8.

{¶ 25} Despite appellant's presence at the hearing and statements to the court, the court never offered appellant an opportunity to present evidence, cross-examine the

witnesses, or to present an argument regarding the issues in the case. Considering the record, we find the trial court abused its discretion by failing to offer appellant an opportunity to meaningfully participate in the final hearing. *See Wood*, 2014-Ohio-5564, at ¶ 9 (finding the court "erred in denying [the defendant] the opportunity to participate in the final hearing"); *Gould*, 2021-Ohio-3493, at ¶ 13 (holding the "trial court effectively denied [the defendant] the opportunity to participate in the hearing and thereby abused its discretion"); *Campbell*, 1993 Ohio App. LEXIS 3938, at *7 (stating the "trial court should have provided [the] appellant the opportunity to present evidence in his behalf"). *See also Dach v. Homewood*, 2015-Ohio-4191, ¶ 76 (10th Dist.), quoting *Ardrey v. Barks, Ltd.*, 1979 Ohio App. LEXIS 11626 (10th Dist. June 19, 1979) (noting that " '[d]ue process requires notice, hearing, and the opportunity to be heard, which of necessity includes the opportunity to present evidence' "). The trial court effectively treated appellant as being in default under Civ.R. 55, in violation of Civ.R. 75(F).

{¶ 26} Based on the foregoing, we sustain appellant's second assignment of error.

{¶ 27} Appellant's remaining assignments of error concern the de facto termination date and the division of property in the divorce decree. Because we must remand the case for a new evidentiary hearing, our ruling on appellant's second assignment of error renders appellant's third, fourth, and fifth assignments of error moot.[1] *See Gould*, 2021-Ohio-3493,

---

[1] Although moot, we are compelled to briefly address some issues concerning the division of property in the current decree so these issues do not repeat themselves on remand. Appellant contends the trial court failed to value the marital property in the decree. "As a general rule, a trial court's failure to value the marital property constitutes an abuse of discretion." *Beagle v. Beagle*, 2008-Ohio-764, ¶ 41 (10th Dist.), citing *Hightower v. Hightower*, 2002-Ohio-5488, ¶ 22 (10th Dist.). " 'A party's failure to put on any evidence does not permit assigning an unknown as value. The court itself should instruct the parties to submit evidence on the matter.' " *Richardson v. Richardson*, 2002-Ohio-4390, ¶ 45 (10th Dist.), quoting *Willis v. Willis*, 19 Ohio App.3d 45, 48 (11th Dist. 1984). Appellee submitted a property affidavit with his complaint indicating he owned two properties: 2448 and 2456 Perdue Avenue. The property affidavit identified the value of both properties as of November 1, 2023. In the decree, the court awarded both properties to appellee free and clear from any claim of appellant.

However, the trial court did not ascertain a value for either property in the decree. Although appellee contends the court could have relied on the values contained in his property affidavit, appellee's property affidavit only identified values for the properties as of November 1, 2023. There was no evidence in the record addressing the value of either property as of September 30, 2007, the de facto termination date of the marriage. "[A] trial court abuses its discretion by valuing a marital asset based on present value rather than its value at the time of an accepted de facto termination date." *Alexander v. Alexander*, 2009-Ohio-5856, ¶ 37 (10th Dist.).

Two warranty deeds regarding the properties were attached to the divorce decree. However, appellee did not submit the deeds as evidence or testify regarding the deeds at the hearing. Indeed, appellee did not testify regarding either property at the hearing. Despite the lack of evidence concerning the properties, the court found 2448 Perdue Avenue was appellee's separate property because he acquired the property in 1996 with money he inherited. The court also found appellee acquired 2456 Perdue Avenue in August 2003, during the

at ¶ 17-18 (explaining that, because the trial court denied the defendant "an opportunity to participate at the hearing," the defendant's remaining assignments of error regarding the "allocation of parental rights and responsibilities and the allocation and division of marital property" were "moot"); *Wood*, 2014-Ohio-5564, at ¶ 10. As such, we need not address the remaining assignments of error. *See* App.R. 12(A)(1)(c).

## V. Conclusion

{¶ 28} Having overruled appellant's first assignment of error, sustained appellant's second assignment of error, thereby rendering moot appellant's third, fourth, and fifth assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

BEATTY BLUNT and BOGGS, JJ., concur.

_____

marriage, and stated that appellee "primarily paid down the mortgage on [2456 Perdue Avenue] after the parties separated." (Decree at 2.) However, appellee did not present the court with any evidence regarding mortgage payments. As such, there was no evidence in the record to support the court's statement finding that appellee primarily paid down the mortgage on 2456 Perdue Avenue after the parties separated. The record as presently developed demonstrates 2456 Perdue Avenue was a marital asset when acquired, and that it remained a marital asset until the parties separated on September 30, 2007. *See Scinto v. Scinto*, 2010-Ohio-1377, ¶ 16 (10th Dist.), citing *O'Grady v. O'Grady*, 2004-Ohio-3504 (11th Dist.) (noting that "[a] presumption exists that any property acquired during the marriage is marital unless there is evidence offered to rebut that presumption"); R.C. 3105.171(A)(3)(a)(i). Any reduction to the mortgage on 2456 Perdue Avenue by marital funds during the marriage would constitute marital property. *See Ray v. Ray*, 2003-Ohio-6323, ¶ 8 (9th Dist.), quoting *Charles v. Charles*, 1997 Ohio App. LEXIS 191 (9th Dist. Jan. 22, 1997) (noting that " '[a]ny reduction in the amount of the first and second mortgages during the marriage by payment of marital funds would be marital property' "). The trial court failed to explain why awarding the entire marital component of 2456 Perdue Avenue to appellee amounted to an equitable, if not equal, division of property. *See* R.C. 3105.171(B), (C)(1), and (G).

Finally, on his property affidavit, appellee disclosed he owned a 49 percent interest in the business Adam and Wilkes Group, Inc. The court found appellee acquired the business interest "after the termination date of the parties' marriage" and the court classified the business interest as "[appellee's] separate property." (Decree at 3.) However, there was no evidence in the record addressing when appellee acquired his interest in the business. The party seeking to have property declared separate has the burden of proof, by a preponderance of the evidence, to prove the property is separate. *Beagle* at ¶ 23. An appellate court reviews a trial court's classification of property as marital or separate under a manifest weight of the evidence standard and will affirm a trial court's determination if some competent, credible evidence supports the classification. *Roush v. Roush*, 2017-Ohio-840, ¶ 18 (10th Dist.), citing *Banchefsky v. Banchefsky*, 2010-Ohio-4267, ¶ 36 (10th Dist.). The record as currently developed contains no evidence to support the court's classification of the business interest as appellee's separate property.