[Cite as *Wood v. Hein*, 2014-Ohio-5564.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Carrie Wood,                                          :

     Plaintiff-Appellee,                         :

                                No. 14AP-382

v.                                                            :       (C.P.C. No. 14DR01-0161)

Daniel Hein,                                         :       (REGULAR CALENDAR)

     Defendant-Appellant.                      :

---

D E C I S I O N

Rendered on December 18, 2014

---

*Yvette Carmon Davis*, for appellee.

*Michael A. Partlow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1} Defendant-appellant, Daniel Hein, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that granted plaintiff-appellee, Carrie Wood, a divorce from Hein. For the following reasons, we reverse that judgment and remand for further proceedings.

{¶ 2} Wood filed a complaint for divorce against Hein on January 17, 2014. Hein did not answer the complaint. The case came before the trial court for a final hearing on April 11, 2014. Both Wood and Hein appeared at the hearing.

{¶ 3} Before proceedings commenced, the trial court and Hein engaged in the following colloquy:

JUDGE MASON: Mr. Hein, this is set for an uncontested trial, today. Tell me why it is you're here.

DANIEL HEIN: Because I was – I didn't get service for it and I do contest it.

JUDGE MASON: And you what?

DANIEL HEIN: I do contest the divorce.

JUDGE MASON: A review of the Court Record indicates that you were served by certified mail, which went unclaimed. And then Plaintiff's counsel sent out ordinary mail service as a follow-up to that, which never was returned undeliverable. And according to the Ohio Rules of Civil Procedure, that's good service and that was back in January of this year. It's now April, and this is the first appearance you've made. You have not placed by any kind of response of pleading any of these issues into contest. This was properly scheduled for an uncontested hearing and under the circumstances and my review of the file, I'm going to allow the Plaintiff to go forward uncontested.

DANIEL HEIN: I can't speak at all?

JUDGE MASON: Pardon me?

DANIEL HEIN: I can't speak at all, Your Honor[,] before we do that?

JUDGE MASON: This is not a trial and this is not an opportunity for you to contest any of the related issues to these proceedings. You're welcome to stay and view. It's an open court and an open proceeding.

 (Tr. 3-4.)

{¶ 4} The trial court then accepted testimony from Wood and a witness that Wood called. Hein was not permitted to enter his own testimony or cross-examine the witnesses. When Hein interjected that Wood lied when she stated the couple had no marital property, the trial court threatened to eject Hein from the courtroom.

{¶ 5} Immediately after the hearing, the trial court issued a divorce decree, which, in addition to granting Wood a divorce, ordered Hein to pay spousal support, Wood's

attorney fees, and court costs.  Hein now appeals from that judgment, and he assigns the following errors:

> ASSIGNMENT OF ERROR NO. I: THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DENYING THE APPELLANT AN OPPORTUNITY TO PARTICIPATE IN THE PROCEEDINGS BEFORE THE TRIAL COURT AT THE DIVORCE HEARING.
>
> ASSIGNMENT OF ERROR NO. II: THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING THE APPELLANT TO PAY SPOUSAL SUPPORT TO THE APPELLEE, INCLUDING THE APPELLEE'S COUNSEL FEES.

{¶ 6}  By his first assignment of error, Hein argues that the trial court erred in refusing to allow him to participate in the hearing.  We agree.

{¶ 7}  " '[P]reventing a party from presenting evidence at a divorce trial because [that party] failed to file a formal answer constitutes an abuse of discretion.' "  *McKenzie v. McKenzie*, 3d Dist. No. 9-13-15, 2013-Ohio-4859, ¶ 4, quoting *Skaggs v. Skaggs*, 3d Dist. No. 9-94-60 (June 23, 1995).  A judgment of divorce entered after a court bars the non-answering spouse from meaningful participation in the divorce trial is, in effect, a default judgment.  *McKenzie* at ¶ 4, 8; *Rue v. Rue*, 169 Ohio App.3d 160, 2006-Ohio-5131, ¶ 61 (2d Dist.).  However, Civ.R. 75(F) states that Civ.R. 55, the rule that governs default judgments, does not apply in actions for divorce.  The inapplicability of Civ.R. 55:

> is consistent with the trial court's independent obligations:  (1) pursuant to R.C. 3105.171(B) to divide the marital and separate property equitably between the parties; and (2) pursuant to R.C. 3109.04(A)[,] "after hearing the testimony of either or both parents," to allocate the parental rights and responsibilities for the care of the minor children of the marriage "in a manner consistent with the best interest of the children."  The performance of this independent judicial duty does not lend itself to judgment by default.

*Rue* at ¶ 62.

{¶ 8}  Due to the inapplicability of Civ.R. 55 in divorce proceedings, "a party may still appear at the final hearing and present evidence regardless of that party's failure to answer the complaint."  *Franklin v. Franklin*, 10th Dist. No. 11AP-713, 2012-Ohio-1814, ¶ 8; *accord McKenzie* at ¶ 8 (despite the husband's failure to answer the divorce

complaint, "[h]is presence at the hearing entitled him to present evidence and to cross-examine the witnesses"); *Gordon v. Gordon*, 5th Dist. No. CT2007-0072, 2009-Ohio-177, ¶ 17 (if the wife "had appeared for the hearing, she would have been permitted to present evidence at the hearing regardless of her default in failing to answer the complaint [for divorce]").  "[T]he fact that a divorce litigant has not filed an answer does not prevent the litigant from contesting one or more of the issues in the divorce." *Rue* at ¶ 64.

{¶ 9}   Here, while Hein did not answer the divorce complaint, he appeared at the final hearing and announced that he contested the divorce.  We conclude that the trial court erred in denying him the opportunity to participate in the final hearing. Accordingly, we sustain Hein's first assignment of error.

{¶ 10} By sustaining Hein's first assignment of error, we have rendered moot his second assignment of error.  Therefore, we decline to address the second assignment of error.

{¶ 11} For the foregoing reasons, we sustain the first assignment of error, which renders moot the second assignment of error.  We reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and we remand this case to that court for further proceedings consistent with law and this decision.

*Judgment reversed; cause remanded.*

TYACK and BROWN, JJ., concur.

————————————