[Cite as *Pond v. Pond*, 2022-Ohio-3561.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Allison Pond,                                    :

      Plaintiff-Appellee,              :

                                No. 21AP-392

v.                                               :     (C.P.C. No. 17DR-1567)

David Pond,                                      :     (REGULAR CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on October 6, 2022

---

**On brief:** *Amanda C. Baker, Kelly M. Wick*, and *Emily L. Karl*, for appellee. **Argued:** *Amanda C. Baker*.

**On brief:** *David Pond*, pro se. **Argued:** *David Pond*.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1} Defendant-appellant, David Pond, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that denied David relief from the decree of divorce granted to him and plaintiff-appellee, Allison Pond. For the following reasons, we affirm the trial court's judgment.

{¶ 2} On May 4, 2020, the trial court issued a judgment that granted the parties a divorce, divided the parties' assets and liabilities, declined to award any spousal support, and determined the amount of child support due. On the same date, the trial court also issued a shared parenting decree that adopted the parties' shared parenting plan, with modification made by the court.

{¶ 3}    In the divorce decree, the trial court had to determine each party's annual income to decide whether to grant spousal support and to calculate child support. Both parties worked as physicians. David treated patients at a medical practice that he operated. According to the Social Security Administration, David's reported income in 2011 was $47,369; in 2012, $4,962; in 2013, $7,125; in 2014, $58,810; and in 2016, $787. At trial, Allison urged the trial court to impute income to David because he was underemployed.

{¶ 4}    For purposes of the temporary orders, David stipulated that the trial court should impute an annual income of $136,254 to him. However, at trial, David said he felt pressured into making that stipulation to avoid the risk that the court might assign a higher income to him. David contested the imputation of any income to him.

{¶ 5}    David presented the testimony of a vocational expert, who testified that David reported working over 49 hours a week. According to David's expert witness, the income range for a family physician in a solo practice in Ohio was between $58,100 to $132,630. The expert witness opined that David was not voluntarily underemployed, but rather undercompensated and "should likely be earning at least in six figures, however he finds a way to do that." (May 4, 2020 Decree of Divorce at 22.)

{¶ 6}    David testified that he suffered from multiple medical conditions, including hearing loss, diabetes, high blood pressure, hyperthyroidism, sleep apnea, carpal tunnel syndrome, Dupuytren's disease, low testosterone, erectile dysfunction, an enlarged prostate, a frozen rotator cuff, plantar fasciitis, and neuropathy in his feet. Despite these conditions, David testified that he was still able to practice medicine because he had adapted his office to accommodate his needs. While his physical condition limited his ability to provide certain kinds of treatment for his patients, David stated "that he has always and continues to work more hours each week than [Allison] does." *Id.* at 24.

{¶ 7}    In the end, the trial court found that:

> if in fact [David] is working full time (at least 36 hours per week) and not earning approximately $136,000 per year, he is voluntarily underemployed as he is being significantly under compensated for his work. * * * There was no evidence presented that [David's] health or loss of hearing has deteriorated or changed since the time of the stipulation. Moreover, the stipulated income is in line with the range opined by [David's] own expert. Therefore, the Court finds that

> [David's annual income] should be imputed at the prior stipulated amount of **$136,254**.

(Emphasis sic.) *Id*. at 23.

{¶ 8}   The trial court recognized that David received approximately $1,644 per year in means-tested disability benefits from the Department of Veterans Affairs.  The trial court did not include those benefits in David's income.  Furthermore, although David received means-tested disability benefits, the trial court found "it would be unjust[,] inappropriate[,] and not in the best interests of the children to not impute income to him for purposes of support." *Id*.

{¶ 9}   Relying on David's imputed annual income, as well as considering the other factors in R.C. 3105.18(C)(1), the trial court ruled that neither party would pay spousal support to the other.  After calculating the guideline child support amount using the child support worksheet, the trial court found that a downward deviation was appropriate under the factors in R.C. 3119.23.  The trial court ordered Allision to pay child support to David in the amount of $300 per child per month, plus a processing charge, for a total of $918 per month.  The trial court also ordered the parties to equally split various expenses related to the children.

{¶ 10}   David appealed the trial court's May 4, 2020 divorce decree to this court. Because David did not file a transcript of the trial court's proceedings, we were unable to review the majority of David's assignments of error.  We presumed the validity of the trial court's actions challenged in those assignments of error and, thus, overruled the assignments of error.  We also overruled those assignments of error we could review, and we affirmed the trial court's judgment. *Pond v. Pond*, 10th Dist. No. 20AP-262, 2021-Ohio-1708, ¶ 1.

{¶ 11}   On March 31, 2021, David moved for relief from the divorce decree pursuant to Civ.R. 60(B)(2) and (3).  First, David asked the trial court to vacate the spousal support and child support provisions of the divorce decree based on newly discovered evidence; namely, a decision of the Social Security Administration ("SSA") finding that he became disabled under SSA rules on March 18, 2020 and was entitled to monthly disability benefit payments beginning September 2020.  David also asked the trial court to vacate the support provisions because, when testifying, Allison had fraudulently characterized David's hearing

loss as mild and fraudulently downplayed the extent of David's shoulder injury. According to David, either due to the newly discovered evidence or Allison's alleged fraud, the trial court was wrong to impute income to him.

{¶ 12} The trial court entered a judgment denying David's motion on July 19, 2021. The trial court concluded that David had not demonstrated that he had a meritorious claim or defense to present if relief was granted, nor had he established grounds for relief under Civ.R. 60(B)(2) or (3).

{¶ 13} On July 29, 2021, David filed a motion for reconsideration. David attached to his motion a decision issued April 16, 2021 by the Veterans Benefits Administration of the Department of Veterans Affairs ("VA") that granted him a 20 percent disability rating for diabetes type II, a 10 percent disability rating for peripheral neuropathy in his left foot, a 10 percent disability rating for peripheral neuropathy in his right lower extremity, a 10 percent disability rating for left knee disability, and a 10 percent disability rating for right knee disability. The VA made these disability ratings effective as of April 25, 2016. Based on the VA's April 16, 2021 ruling, David asked the trial court to reconsider its July 19, 2021 judgment denying his Civ.R. 60(B) motion.

{¶ 14} Before the trial court could rule upon the motion for reconsideration, David appealed the trial court's July 19, 2021 judgment to this court. On appeal, David assigns the following errors:

> [1.] The trial court erred and abused its discretion and showed bias when it excluded evidence as hearsay that was presented for medical diagnosis and treatment of Defendant.
>
> [2.] The trial court erred and abused its discretion and showed bias when the Trial court stated in its decision against Defendants motion for relief from final judgment in number 2, that Defendant did not present a meritorious claim.
>
> [3.] The trial court erred and abused its discretion and showed bias dismissing Defendants disabilities during trial and then claiming that the evidence presented for 60 B motion was new evidence, when in fact the evidence of Defendants disability was presented during trial and excluded inappropriately not only as hearsay but in the final decree
>
> [4.] the Judge Erred when she stated that Defendant provided no specific facts or evidence to support an allegation of fraud.

In fact the court intentionally blinded itself to the fraud It was shown to the court the affidavits of the Plaintiff which minimized Defendants hearing loss and disabilities.

[5.] The trial court erred and abused its discretion and showed bias when it went against the weight of the evidence the burden of proof that proved Defendant was at the time of the final hearing a disabled veteran, and that the disabilities of the veteran were over 100%

[6.] The trial court erred and abused its discretion and showed bias when the trial court stated that "Defendant was not prevented from presenting his case fully and fairly and due to the fact that he had the entire 20 day trial period to prove the validity of any disabilities at that time." The court inappropriately dismissed all of the medical evidence presented by Defendant as Hearsay, against the Hearsay exceptions which took away the ability of the Defendant to have a fair trial. Also Defendant filed a motion to hold Plaintiff attorney in contempt of court for numerous fraudulent statement and actions, and this Hearing on Fraud of this attorney were never allowed to be heard in court which removed the Defendants ability to prove fraud upon the court by an officer of the court who repeatedly lied to the court in a manner that was provable. This would have constituted fraud upon the court and supported a 60 B argument.

[7.] The trial court erred and abused its discretion and showed bias when testimony and disposition of Kaslyn Vernon about the medical disabilities of Defendant were ignored, and the amount of work put into the medical office of the Defendant to allow him to be able to work through his disabilities.

[8.] The trial court erred and abused its discretion and showed bias when imputing income to a disabled adult male.

[9.] The trial court erred and abused its discretion and showed bias when it imputed defendants income when he has been receiving means tested veterans benefits.

[10.] The trial court erred and abused its discretion and showed bias when it ignored evidence from the medical malpractice insurance company that showed the Defendants disabilities prevented him from obtaining medical malpractice insurance during the last year of his work.

[11.] The trial court erred and abused its discretion and showed bias when it ignored the mountain of medical evidence presented by the Defendant to show he was disabled, and concluded that he was not disabled even though more competent disability determining entities like the VA and social security determined based on the exact same evidence given to this trial court that the Defendant was completely and utterly disabled.

[12.] trial court erred when it did not award spousal support to Defendant based on R.C. 3105.18

[13.] The trial court erred in not performing a conscionability check on the outcome of the final decree.[1]

{¶ 15} Initially, we must delineate the scope of the issues before us on appeal. David appeals from the judgment denying his Civ.R. 60(B) motion. The majority of David's assignments of error, however, challenge determinations the trial court reached in granting the parties a divorce. In assignments of error one, seven, ten, and eleven, David argues that the trial court erred in excluding or ignoring evidence that David offered at trial. In assignments of error five, eight, nine, twelve, and thirteen, David contends the trial court erroneously weighed or interpreted the evidence in deciding to impute income to him, declining to award to spousal support, and determining child support.

{¶ 16} When a party raised or could have raised an argument in a prior appeal, res judicata bars consideration of that argument in subsequent appeals. *Concrete, Inc. v. Willowick*, 11th Dist. No. 2020-L-022, 2021-Ohio-658, ¶ 25; *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 28589, 2018-Ohio-573, ¶ 7; *Yurkowski v. Univ. of Cincinnati*, 10th Dist. No. 16AP-718, 2017-Ohio-7681, ¶ 19; *Rielinger v. Rielinger*, 8th Dist. No. 92737, 2009-Ohio-6310, ¶ 9. David could have raised his arguments in his first, fifth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments of error in his appeal from the divorce decree. David actually asserted an assignment of error identical to the thirteenth assignment of error in his appeal from his divorce decree.

{¶ 17} David, however, contends that he could not raise the arguments at issue in the appeal from the divorce decree because neither the SSA nor 2021 VA decisions existed

---

[1] We reproduce David's assignments of error as they appear in his brief, without correcting any grammatical errors therein.

at the time of the appeal. We are not persuaded. The nonexistence of the SSA and 2021 VA decisions did not preclude David from arguing on appeal from the divorce decree the trial court erred in its evidentiary decisions, imputing income to him, declining to award spousal support, and determining child support. David could have made those arguments; he just could not use the SSA and 2021 VA decisions to support them. The doctrine of res judicata, therefore, bars our consideration of the first, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments of error in this appeal. We thus overrule those assignments of error.

{¶ 18} We next turn to the remaining assignments of error, which challenge the trial court's denial of David's Civ.R. 60(B) motion. Pursuant to Civ.R. 60(B), a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

Civ.R. 60(B)(1) through (5). To prevail on a Civ.R. 60(B) motion, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If the moving party fails to demonstrate any of these three requirements, the trial court should overrule the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). A trial court exercises its

discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 19} By his second assignment of error, David argues that the trial court erred in concluding that he would not have a meritorious claim or defense to present if the court granted him relief from judgment. We disagree.

{¶ 20} With regard to the first element of the *GTE* test, a party need only allege a meritorious claim or defense, it need not prove that it will prevail on that claim or defense. *Rose Chevrolet* at 20; *GMAC Mtge., LLC v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, ¶ 32 (2d Dist.); *Meglan, Meglan & Co., Ltd. v. Bostic*, 10th Dist. No. 05AP-831, 2006-Ohio-2270, ¶ 8. Although proof of success is not required, the party must support its alleged claim or defense with operative facts that have enough specificity to allow the trial court to judge the merit of the claim or defense. *Miller v. Susa Partnership, L.P.*, 10th Dist. No. 07AP-702, 2008-Ohio-1111, ¶ 16; *Chirico v. Home Depot*, 10th Dist. No. 05AP-217, 2006-Ohio-291, ¶ 10; *Bostic* at ¶ 8. Mere general allegations or broad conclusions are insufficient to warrant relief. *Herring* at ¶ 32; *Lakhi v. Healthcare Choices & Consultants*, 10th Dist. No. 07AP-904, 2008-Ohio-1378, ¶ 20.

{¶ 21} Here, David focused on arguing that the SSA decision proved the trial court wrong in imputing income to him, rather than claiming that, in light of the SSA decision, the trial court would not impute income to him after a new trial. Nevertheless, even if David had made the latter claim, we would not find it persuasive. In the divorce decree, the trial court found that the parties' marriage terminated on July 9, 2019. Thus, the trial court examined evidence of circumstances prior to and contemporaneous with that date to determine whether to impute income to David. Pursuant to the evidence offered by David at trial, during the relevant time period, he suffered from multiple medical conditions, but he was still able to work as a family physician with his own practice. Apparently, eight months after the termination of the parties' marriage, David became disabled under SSA rules.

{¶ 22} As the trial court pointed out, the SSA's finding that David became disabled on March 18, 2020 could not impact the determination to impute income, which depends on evidence pre-dating and contemporaneous with the July 9, 2019 termination of the

marriage. In other words, the SSA's finding could not affect income calculation in a new trial because the onset of David's disability occurred months after the period relevant for income calculation. Consequently, David failed to demonstrate a meritorious claim or defense if granted relief from judgment based on the alleged newly discovered evidence of the SSA decision.

{¶ 23} In considering whether David had set forth a meritorious claim or defense, the trial court also discussed the possibility the VA would issue a decision increasing David's disability rating. At the time David filed his Civ.R. 60(B) motion, the VA had not yet issued its April 16, 2021 decision. In his Civ.R. 60(B) motion, David represented to the trial court that his "VA service representative" had told him that the "VA law judge" was "going to give [him] at least a 60% disability but turn it into a 100% disability and back date it to the date of the first appeal. This was somewhere in 2017." (Mar. 31, 2021 Def.'s Mot. for Civ.R. 60(B) Relief from Jgmt. at 3.)

{¶ 24} The trial court found that David's representation only amounted to speculation and did not provide sufficient evidence that the VA would backdate his disability to a date prior to March 18, 2020, the disability onset date selected by the SSA. On appeal, David contends that the VA decision attached to his motion for reconsideration confirms the representation he made in his Civ.R. 60(B) motion. The 2021 VA decision, however, is outside of our purview. Appellate review is limited to the record as it existed at the time of the trial court's judgment. *Reid v. Shaffer*, 10th Dist. No. 19AP-765, 2020-Ohio-5448, ¶ 17; *Hopkins v. Car Go Self Storage*, 10th Dist. No. 18AP-715, 2019-Ohio-1793, ¶ 11. An appellate court cannot consider evidence that a party adds to the trial court record after judgment and then decide an appeal based on that new evidence. *Reid* at ¶ 17; *Hopkins* at ¶ 11. Because the trial court did not have the 2021 VA decision before it when ruling on the Civ.R. 60(B) motion, we cannot consider it on appeal.

{¶ 25} In the end, we conclude that David failed to demonstrate a meritorious claim or defense based on the alleged newly discovered evidence. As we stated above, if a party moving for Civ.R. 60(B) relief fails to demonstrate any of the three *GTE* requirements, it cannot prevail on its motion. *Rose Chevrolet*, 36 Ohio St.3d at 20. The trial court, therefore, did not err in denying David's motion for relief from judgment based on Civ.R. 60(B)(2). Accordingly, we overrule the second assignment of error.

{¶ 26} By his third assignment of error, David argues that the trial court erred in finding that he did not establish the Civ.R. 60(B)(2) ground for relief, i.e., newly discovered evidence. We just concluded that because David failed to establish a meritorious claim or defense, the trial court did not err in denying him relief from judgment based on newly discovered evidence. Our conclusion moots David's third assignment of error.

{¶ 27} We will address David's fourth and sixth assignments of error together. By those assignments of error, David argues that the trial court erred in finding that he did not prove the Civ.R. 60(B)(3) ground for relief, i.e., fraud. We disagree.

{¶ 28} Civ.R. 60(B)(3) permits relief from judgment in cases of fraud, misrepresentation, and other misconduct by an adverse party. Civ.R. 60(B)(3) applies when an adverse party's fraud, misrepresentation, or misconduct in obtaining a judgment has prevented the other party from fully and fairly presenting its case. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 23. " 'Fraud on an adverse party may exist when, for example, a party presents material[ly] false testimony at trial, and the falsity is not discovered until after the trial.' " *Id.*, quoting *PNC Bank, N.A. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 15.

{¶ 29} Here, David alleged in his Civ.R. 60(B) motion that Allison made two false statements: (1) David's hearing loss was mild, and (2) his shoulder was not a problem for him. David maintained that, in truth, his hearing loss was moderately severe and his shoulder was such a problem that he had to stop performing osteopathic manipulation. However, as the trial court pointed out, David attached no evidentiary materials to his motion to prove that Allison's allegations were false.

{¶ 30} "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). "Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion." *Id.* Here, absent evidentiary proof to rely upon, the trial court appeared skeptical of David's allegations of fraud. We, however, conclude that David cannot succeed on his claim for Civ.R. 60(B)(3) relief because he cannot show that Allison's alleged fraud prevented him from fully and fairly presenting his case at trial.

{¶ 31} Allison allegedly falsely testified regarding David's own physical condition. David, therefore, had to know that those statements were false when made, and could testify to his actual condition at trial. David could tell the trial court that his hearing loss was moderately severe, and that his shoulder injury hindered his practice of medicine. Because Allison's alleged fraud did not prevent David from explaining to the trial court the true nature of his hearing loss and shoulder injury, he is not entitled to relief from judgment under Civ.R. 60(B)(3).

{¶ 32} On appeal, David also argues that Allison's attorney committed fraud upon the court, which is a basis for relief under Civ.R. 60(B)(5). David, however, did not argue for relief from judgment based on Civ.R. 60(B)(5) in the trial court. Generally, a party waives the right to appeal an issue that the party could have, but did not, raise before the trial court. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34. Here, where David did not argue and the trial court did not consider fraud upon the court, we will not examine whether that ground is a reason for granting David relief from judgment.

{¶ 33} Because David did not establish entitlement to relief from judgment under Civ.R. 60(B)(3), the trial court did not err in denying his motion on that ground. Accordingly, we overrule David's fourth and sixth assignments of error.

{¶ 34} For the foregoing reasons, we overrule David's first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments of error. Our resolution of David's second assignment of error moots his third assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

SADLER and BEATTY BLUNT, JJ., concur.

———————————