[Cite as *Smith v. Smith*, 2024-Ohio-45.]

IN THE COURT OF APPEALS OF OHIO

TENANTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rachel M. Smith, | : | |
| Plaintiff-Appellant, | : | No. 22AP-720 |
| | | (C.P.C. No. 20DR-1295) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Steven J. Smith, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 9, 2024

**On brief:** *Grossman Law Offices*, and *John H. Cousins, IV*, for appellant. **Argued:** *John H. Cousins, IV*.

**On brief:** *Eric R. Nordman*, for appellee. **Argued:** *Eric R. Nordman*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, J.

{¶ 1} Plaintiff-appellant, Rachel M. Smith, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted the Civ.R. 60(B) motion filed by defendant-appellee, Steven J. Smith, and vacated the decree of divorce. For the following reasons, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Rachel and Steven were married in 2003 and have three children together. After nearly 17 years of marriage, Rachel filed a complaint for divorce on April 16, 2020. Rachel listed in her affidavit of property, in pertinent part, an Eastcleft Drive property titled to both parties and four Edward Jones accounts (#...6503-1-6, #...9120-1-2, #...65-1-3, and

#...6188-1-8) without an indication of title.[1]  Rachel also filed a request for production of documents that asked for Steven to provide records documenting gifts and inheritance as well as any other documents he intended to introduce as evidence to support a claim of separate property.

{¶ 3}  Steven was personally served with the original summons and complaint on April 23, 2020.  He filed an answer and counterclaim asserting, in relevant part, that the parties are joint owners of the Eastcleft Drive real property "subject to [his] claims of separate property" and, likewise, the parties are joint owners of "certain assets that may constitute marital assets subject to an equitable division" that are also "subject to his claims of separate property."  (June 16, 2020 Answer & Countercl. at 1-2.)  In his affidavit of property, he listed the Eastcleft Drive property as jointly owned, but "Paid with Inheritance." (June 16, 2020 Aff. of Property, List of Separate Property at 1.)  He lists two Edward Jones accounts (#...6188-1-8, #...65-1-3) as titled in his name, and one Edward Jones account (#...6503-1-6) as titled in Rachel's name.  In his "list of separate property," among other items, he listed three Edward Jones accounts (#...9120-1-2, #...90-1-4, #...02-1-0) and two Vanguard accounts (#...4368, #...8668).

{¶ 4}  Steven initiated notices to take deposition and subpoenas for the record custodians of Edward Jones & Co., L.P., the Vanguard Group, and other accounts.  Rachel filed a reply to the counterclaim in which she denied Steven's separate property claims related to the Eastcleft Drive home and joint assets of the marriage.

{¶ 5}  On September 2, 2020, following negotiations by the parties, the magistrate issued temporary orders reflecting the parties' agreement as to use of the residences and cars, custody and parenting of the minor children and conditions of Steven's visitation, and payment of expenses, among other items.  Both parties then submitted pre-trial statements indicating "[s]eparate property" as a disputed issue. (Nov. 12, 2020 Pretrial Statement of Plaintiff at 1; February 24, 2021 Updated Pretrial Statement of Plaintiff at 1; June 14, 2021 Second Updated Pretrial Statement of Pl. at 1; February 24, 2021 Pre-trial Statement of Def. at 1.)

{¶ 6}  In Rachel's pre-trial statement, she argued an equitable division of marital property would not be appropriate due to Steven's financial misconduct. Her attached

---

[1] The parties and the trial court differed in how many numbers they used to describe the various accounts at issue.  For clarity, we will refer to the accounts consistent with how accounts are listed in the divorce decree.

preliminary estimated balance sheet listed the Eastcleft Drive property as jointly owned, the Edward Jones account #...03-1-6 in her name, and five other Edward Jones accounts in Steven's name. She indicated the estimated balance sheet was compiled with current information available and would be updated with supplemental discovery. In Steven's pre-trial statement he argued that an equal division of marital property would be equitable and that a distributive award from his separate property or income was not appropriate. He did not provide more information on the accounts.

{¶ 7} In March 2021, Rachel filed a motion for contempt against Steven asserting he was not abiding by the magistrate's temporary orders, including failing to pay child support, failing to pay his own debts, and causing damage to the marital residence. She additionally filed a motion for an order to compel discovery asserting Steven had been unwilling to participate in discovery. Around the same time, Steven's attorney moved, successfully, to withdraw due to issues with Steven failing to appear at a status conference and thereafter not communicating with the attorney.

{¶ 8} The magistrate granted Rachel's motion to compel discovery. In doing so, the magistrate noted that Steven failed to appear at the hearing on the motion. The magistrate set a deadline for Steven to comply with discovery related to Rachel's request for production of documents and stated, "[f]ailure of [d]efendant to comply with this order may result in the exclusion or limitation of evidence that he may present at trial." (Aug. 5, 2021 Mag.'s Order at 1.) Steven did not file additional discovery and, as a result, Rachel filed another motion for contempt citing Steven's noncompliance with the court's discovery order and new allegations of non-compliance with the magistrate's temporary orders. The record reflects Steven did not appear for the October 2021 hearing on the motion for contempt.

{¶ 9} The trial court set and held an "uncontested" final hearing on November 15, 2021 at 9:00 a.m. (Nov. 18, 2021 Jgmt. Entry — Decree of Divorce at 1.) Rachel appeared and was represented by counsel, but Steven did not appear. During the hearing, Rachel testified that she and Steven are incompatible and had been living apart for more than one year, that Steven was served with notice of the hearing via a private process server, and that she reviewed and approved the judgment entry-decree of divorce submitted for approval by the court. Rachel agreed that she understood the submitted decree allocated her assets and debts, and that she believed that allocation to be fair and equitable under the

circumstances. She asked the court to enter a judgment entry consistent with the submitted decree. Rachel's mother also testified at the hearing to confirm the parties are incompatible and had been living separately.

{¶ 10} Following the testimony, the trial court determined it had jurisdiction and grounds to proceed with the divorce. The judge remarked that Steven had been properly served but did not appear for the hearing, and that this was consistent with his behavior throughout the case: he "was difficult and dragging his feet," not showing up for court hearings, and "causing angst." (Nov. 15, 2021 Tr. at 8.) With regard to the financial matters and property division, the judge found "the terms and conditions are fair and equitable, not necessarily equal," and that she would adopt and incorporate those terms into the decree.[2] (Tr. at 9.)

{¶ 11} The trial court filed the judgment entry — decree of divorce on November 18, 2021. In it, the trial court first noted that, despite having proper notice of the uncontested hearing date and being personally served with summons and a copy of the complaint in April 2020, Steven failed to appear. The trial court then terminated the marriage and granted the divorce on the grounds of incompatibility. The trial court further ordered, pertinent to this appeal, that: the parties each retain one of the real properties (Rachel was awarded the Eastcleft Drive property while Steven was awarded another property); Rachel retain certain accounts in her name free and clear of any claim from Steven, including the Edward Jones Roth IRA #...03-1-6, and Steven retain other certain accounts in his name; and Rachel receive one-half the value of the balance of five other retirement/investment accounts (Edward Jones Roth IRA #...6188-1-8; Edward Jones account #...9120-1-2; Edward Jones account #...10904-1-2; Edward Jones Traditional IRA #...65-1-3; and Vanguard Annuity #...3877).

{¶ 12} Steven did not file an appeal challenging the decree of divorce. Instead, on March 11, 2022, Steven filed, through new counsel, a motion to vacate judgment or alternatively a motion for relief from judgment pursuant to Civ.R. 60(B). He argued his motion was timely filed since he filed it roughly three and one-half months after the divorce

---

[2] While the appellate record does not contain a copy of the proposed decree of divorce, based on the trial court judge's statements during the hearing, we assume the final decree reflects the allocations of assets in Rachel's proposed decree.

decree was filed, which "is more than reasonable, as it is well within the one-year time parameter required for [Civ.R. 60(B)(1)-(3)] motions." (Mar. 11, 2022 Mot. at 14.)

{¶ 13} Steven's motion contended he had a meritorious claim since all proceeds in the six retirement/investment accounts at issue were inheritances he received from his family, and therefore were his separate, non-marital assets under R.C. 3105.171(A)(6)(a)(i) and (iii). In the same vein, he argued that the Eastcleft Drive property was purchased in large part with his inheritance money. According to Steven, Rachel affirmatively misrepresented and/or materially failed to disclose these facts, leading her to be improperly awarded more than $500,000, which in Steven's view is "manifestly inequitable" and constitutes a fraud upon the court. (Mar. 11, 2022 Mot. at 16.)

{¶ 14} Finally, Steven contended relief was warranted under Civ.R. 60(B)(1), Civ.R. 60(B)(3), Civ.R. 60(B)(4), and Civ.R. 60(B)(5). Specifically, he argued he was entitled to relief from judgment on the ground of mistake, inadvertence or excusable neglect under Civ.R. 60(B)(1) because, although he "received notice of the uncontested hearing date that was set for November 15, 2021," Rachel's mother "contacted [him] and * * * falsely stated * * * that the hearing date was not happening that day" and was being moved. (Mar. 11, 2022 Mot. at 2, 16.) He further argued he was entitled to relief from judgment under Civ.R. 60(B)(3) due to fraud, misrepresentation, or other misconduct. Steven's argument in this regard reasoned that Rachel (purportedly) knew that the accounts at issue comprised his inheritance and that the marital property was purchased largely with his inheritance money and, therefore, constituted non-marital property. He argued that despite this knowledge Rachel failed to disclose these material facts; falsely listed these assets as joint assets in her affidavit of property (as opposed to his own affidavit of property that he says accurately characterized the accounts); failed to correct the record at the final hearing; and presented the court with a proposed divorce decree that disposed of his separate property as if it was jointly owned. Steven additionally argued that Civ.R. 60(B)(4), permitting relief from judgment when it is no longer equitable that the judgment should have prospective effect, and Civ.R. 60(B)(5), permitting relief from judgment due to fraud upon the court, both applied "[f]or reasons set forth above." (Mar. 11, 2022 Mot. at 18.)

{¶ 15} Rachel filed a memorandum contra asserting Civ.R. 60(B) relief is inappropriate in this case. She contended Steven's allegations regarding Rachel's mother deceiving him were false, attached text messages as proof, and argued that, regardless, it is

Steven's responsibility to appear for a hearing for which he had notice. Rachel further argued she did not engage in fraud, misrepresentation, and/or other misconduct and emphasized that although Steven raised the issue before the court and legally had the burden to prove his separate property, he completely failed to comply with discovery or related court orders and refused to attend any hearing—even the final uncontested hearing. Steven replied, contending Rachel largely failed to dispute that he had a meritorious claim and had grounds for relief under Civ.R. 60(B)(3) and (B)(5).

{¶ 16} On November 2, 2022, the trial court granted Steven's motion. While the trial court agreed "the onus was on [Steven] to appear at the final hearing, and [Steven] clearly lacked participation throughout the case," it determined Steven nevertheless had a "meritorious claim or defense" in the "claim of separate property and alleged inequitable, and even unlawful, division made by [Rachel's] Judgment Entry – Decree of Divorce." (Emphasis deleted.) (Nov. 2, 2022 Decision & Jgmt. Entry at 5.) Furthermore, the trial court found that although Steven failed to show he was entitled to relief pursuant to Civ.R. 60(B)(1) due to mistake, inadvertence, or excusable neglect or Civ.R. 60(B)(5) due to any other reason justifying relief, Steven did have grounds for relief under Civ.R. 60(B)(3) and 60(B)(4).

{¶ 17} Specifically, the trial court found Steven had grounds for relief under Civ.R. 60(B)(3) due to fraud, misrepresentation, or misconduct. In support of this conclusion, the trial court found Rachel was "shifting * * * blame" in arguing Steven failed to provide discovery, participate in the divorce case, or meet his responsibility and burden to prove his separate property claims. (Decision & Jgmt. Entry at 7.) Regarding Steven meeting his burden, the trial court stated, "[he] did assert that the questioned assets were his separate property when he filed both his *Affidavit of Property* and *Pre-Trial Statement*" and noted its decision was at least partially based on the alleged "windfall" at issue. (Emphasis sic.) *Id.* at 7-8. As to Civ.R. 60(B)(4), the trial court determined Steven "does have grounds for relief due to it not being equitable that the property division component of the Judgment Entry – Decree of Divorce having prospective effect under Civ.R. 60(B)(4)." (Emphasis deleted.) *Id.* at 8.

{¶ 18} Finally, the trial court cited to *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976) to conclude that, overall, Steven's Civ.R. 60(B) motion should be granted due to "doubt" in the case:

> It is important to conclude that, in pertinent part, the *GTE Automatic Electric* Court states in its Syllabus of the opinion that:
>
> * * *
>
> 3. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.
>
> * * *
>
> In this instant case, there is doubt. Therefore, the Court finds [Steven's] *Motion* * * * **WELL TAKEN** and **GRANTED**.

(Emphasis sic.)  (Nov. 2, 2022 Decision & Jgmt. Entry at 10.)  After granting the motion, the trial court vacated the November 18, 2021 divorce decree, reinstated the complaint for divorce, and set a pre-trial hearing date.

## II. ASSIGNMENTS OF ERROR

{¶ 19} Rachel presents two assignments of error for our review:

> **First Assignment of Error:**  The trial court erred and abused its discretion by granting [Steven]'s Motion for Relief from Judgment.
>
> **Second Assignment of Error:** The trial court erred and abused its discretion by concluding that its decree of divorce is akin to a default judgment.

## III. STANDARD OF REVIEW

{¶ 20} An appellate court reviews a trial court's decision to grant or deny a Civ.R. 60(B) motion under an abuse of discretion standard. *Pond v. Pond*, 10th Dist. No. 21AP-392, 2022-Ohio-3561, ¶ 18, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).  However, "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 39.  Accordingly, a court of appeals reviews questions of law de novo.  *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, ¶ 13, citing *Johnson* at ¶ 38.

## IV. LEGAL ANALYSIS

{¶ 21} Because the second assignment of error informs resolution of the first assignment of error, we will address the assignments of error out of order.  We will begin by considering whether the trial court erred in relying on "doubt" to tip the scale in Steven's favor, followed by assessing whether the trial court abused its discretion in granting

Steven's Civ.R. 60(B) motion under the three-prong *GTE Automatic* test. As detailed in the sections below, we find merit to both assigned errors and conclude the trial court's decision and judgment granting Steven's Civ.R. 60(B) motion must be reversed on the facts of this case.

### A. Whether the trial court erred in determining "doubt" must be resolved in Steven's favor (Second Assignment of Error)

{¶ 22} In her second assignment of error, Rachel asserts the trial court erred and abused its discretion by treating its decree of divorce as a default judgment, and, as a result, resolving any "doubt" in favor of Steven pursuant to paragraph three of the syllabus in *GTE Automatic*. We agree.

{¶ 23} *GTE Automatic* involved a movant's Civ.R. 60(B) motion to obtain relief from a default judgment issued by the trial court following the defendant's failure to plead and defend against the plaintiff's action for non-payment on an account. Within this context, the Supreme Court of Ohio states: "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Id.* at paragraph three of the syllabus. In the instant case, the trial court found this legal principle "important" to its decision, determined "there is doubt" in this case, and "therefore" found Steven's motion to be well-taken. (Decision & Jgmt. Entry at 10.)

{¶ 24} However, as pointed out by Rachel, there cannot be a "default" divorce decree. "Civ.R. 55, the rule that governs default judgments, does not apply in actions for divorce." *Wood v. Hein*, 10th Dist. No. 14AP-382, 2014-Ohio-5564, ¶ 7, citing Civ.R. 75. The *Wood* court explained that the trial court has an independent judicial obligation to divide the marital and separate property equitably between the parties and to allocate the parental rights and responsibilities for the care of the minor children of the marriage in a manner consistent with the best interest of the children. *Id.*, citing R.C. 3105.171(B) and R.C. 3109.04(A). " 'The performance of this independent judicial duty does not lend itself to judgment by default.' " *Id.*, quoting *Rue v. Rue*, 169 Ohio App.3d. 160, 2006-Ohio-5131, ¶ 62.

{¶ 25} Because the cited provision in *GTE Automatic* arises in the context of relief sought from a default judgment, a procedure unavailable in divorce actions, we find the

trial court erred in resolving doubt in favor of Steven based on *GTE Automatic* and granting Steven's motion on this basis. Accordingly, we sustain Rachel's second assignment of error.

**B. Whether the trial court erred and abused its discretion in determining Steven is entitled to relief from the divorce decree pursuant to Civ.R. 60(B). (First Assignment of Error)**

{¶ 26} In her first assignment of error, Rachel asserts the trial court erred and abused its discretion by granting Steven's Civ.R. 60(B) motion for relief from judgment. Civ.R. 60(B), states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise or excusable neglect;
>
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) Any other reason justifying relief from the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
>
> A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 27} In *GTE Automatic*, the Supreme Court set forth a three-part test to obtain relief from judgment pursuant to Civ.R. 60(B). A movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was

entered or taken." *GTE Automatic* at paragraph two of the syllabus. "[T]hese requirements are independent and in the conjunctive." *Id.* at 151. Accordingly, a movant's failure to satisfy any one of these requirements compels a court to deny the Civ.R. 60(B) motion. *Gamble Hartshorn, LLC v. Lee*, 10th Dist. No. 17AP-35, 2018-Ohio-980, ¶ 11.

**{¶ 28}** The trial court in this case found Steven presented grounds for relief from the divorce decree pursuant to Civ.R. 60(B)(3) and (4). We note Steven does not argue other Civ.R. 60(B) grounds to support his motion apart from those found by the trial court. (*See* Appellee's Brief at 15-26 (arguing the trial court properly exercised its discretion in granting his motion under Civ.R. 60(B)(3) and (4)); Appellee's Brief at 25 (arguing against reviewing whether the trial court properly considered Civ.R. 60(B)(5)[3] and stating that section is "moot"). As explained in detail below, because Steven failed under the second *GTE Automatic* requirement to identify a legally cognizable basis for relief under Civ.R. 60(B), the trial court abused its discretion in granting his motion.

**1. Civ.R. 60(B)(3) is not grounds for relief from the divorce decree**

**{¶ 29}** "Civ.R. 60(B)(3) permits relief from judgment in cases of fraud, misrepresentation, and other misconduct by an adverse party." *Pond*, 2022-Ohio-3561, ¶ 28. " '[T]he fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself.' " *Elevation Ents. v. Anchor Capitol L.L.C.*, 10th Dist. No. 22AP-365, 2023-Ohio-1646, ¶ 18, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 13.

**{¶ 30}** Rachel contends she did not provide false testimony or conceal evidence but instead disagreed with the separate property claim that Steven asserted and then later (in her view) abandoned. According to Rachel, disagreeing with the opposing party's characterization of property in a divorce action does not support granting relief pursuant to Civ.R. 60(B)(3).

---

[3] *See Mullinix v. Mullinix*, 10th Dist. No. 21AP-206, 2022-Ohio-3398, ¶ 8, quoting *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 26 ("[M]ultiple Ohio courts, including this court, have concluded that, if the alleged fraud occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment.").

{¶ 31} Steven argues Civ.R. 60(B)(3) is appropriate here because Rachel wrongfully obtained a "windfall" from his separate, non-marital family inheritance by taking "unfair advantage of [his] absence[.]" (Appellee's Brief at 21-23.) Specifically, Steven argues Rachel's fraud, misrepresentation, or other misconduct consisted of: (1) not meeting her burden of proof under R.C. 3105.171 by failing to present any sworn testimony regarding the characterization of the assets; (2) not testifying regarding the assets in order to obtain a large amount of money she knew was Steven's separate inheritance money; (3) not denying in her memorandum contra to Steven's Civ.R. 60(B) motion the veracity of Steven's separate property claim; (4) not denying she received discovery; and (5) dishonesty by being "less than forthcoming" with the "whole truth." (Appellee's Brief at 23-24.) He adds that it is inequitable to allow Rachel to retain the money Steven claims to be inheritance.

{¶ 32} We agree with Rachel that the trial court erred by misconstruing the burden and duties involved in a divorce action where the parties dispute the characterization of disclosed property under R.C. 3105.171 and, particularly, where the proponent of a claim of separate property fails to appear to present evidence. We further agree this error led the trial court to abuse its discretion in granting Steven relief pursuant to Civ.R. 60(B)(3).

{¶ 33} First, having reviewed the record we do not identify any "fraud, misrepresentation, or other misconduct" to support Steven's Civ.R. 60(B)(3) motion. In a divorce proceeding, "a spouse * * * must not substantially and willfully fail to disclose to the trial court *his or her* marital property, separate property, and other assets, debts, income, and expenses, irrespective of the other spouse's knowledge of the existence of such items." (Emphasis added.) *Epperson v. Epperson*, 6th Dist. No. WD-14-054, 2015-Ohio-2443, ¶ 58. R.C. 3105.171(E)(3) obligates each spouse to disclose in a full and complete manner all marital property, separate property, and other assets, debt, income, and expenses "of the spouse." "Fraud on an adverse party may exist when, for example, a party presents material[ly] false testimony at trial, and the falsity is not discovered until after the trial." (Emphasis added.) *PNC Bank, N.A. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 15.

{¶ 34} However, a party to a divorce action does not "misrepresent" information or commit "fraud" or "other misconduct" under Civ.R. 60(B)(3) by merely contesting the categorization of disclosed assets as marital or separate property. Instead, potential conflict

among the parties regarding the categorization of disclosed property is accommodated within the normal legal framework to determine the division of assets in a divorce case. Specifically, the proponent of alleged separate property has the burden to prove an asset is separate and not marital property, the trial court must then determine the issue for purposes of the divorce decree, and an aggrieved party may pursue a direct appeal of that issue. *See Chahdi v. Elhassan*, 10th Dist. No. 18AP-674, 2019-Ohio-4472, ¶ 14, citing *Dach v. Homewood*, 10th Dist. No. 14AP-502, 2015-Ohio-4191, ¶ 33 (determining, in a direct appeal of a divorce decree, "[w]hen the parties dispute whether an asset is marital or separate property, the asset is presumed marital property unless proven otherwise"); *Rank v. Rank*, 10th Dist. No. 10AP-273, 2010-Ohio-5717, ¶ 5 (stating, in assessing a direct appeal of the issue, "[t]he party seeking to have an asset classified as separate property must show, by a preponderance of the evidence, that an asset or set of assets is traceable and is separate"; R.C. 3105.171(B) (the "[trial] court shall * * * determine what constitutes marital property and what constitutes separate property" and "divide the marital and separate property equitably between the spouses" and in accordance with the statute).

{¶ 35} In this case, Steven does not appear to argue that Rachel concealed any asset, but that, essentially, she failed to acquiesce to his contention that certain disclosed assets were his separate property by either labeling them Steven's separate property (not just titled to him, for example) or by failing to testify at the hearing, in his absence, that the disputed assets were Steven's separate property. Contrary to Steven's position, Rachel was entitled to contest his characterization of disclosed property, and it was Steven's burden—not hers—to put forth evidence showing he acquired the assets through inheritance, and therefore constituted his separate property under the applicable statutory definitions.[4]

{¶ 36} Second, by statute, it is the trial court's responsibility to ensure the parties fully and completely disclose marital and separate property and that the record is sufficient

---

[4] *See* R.C. 3105.171(A)(3)(a)(i) (defining marital property, as relevant to this case, to include "[a]ll real and personal property that currently is owned by either or both of the spouses, * * * and that was acquired by either or both of the spouses during the marriage"); R.C. 3105.171(A)(3)(b) (Marital property does not include separate property); R.C. 3105.171(A)(6)(a)("[S]eparate property" in pertinent part means "all real and personal property and any interest in real or personal property that is found by the court to be any of the following: (i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage"; (ii) "Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage"; or "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage." R.C. 3105.171(H) (stating generally, "the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property.").

to support issuing a divorce decree.  R.C. 3105.171(E)(3) ("*the* [*trial*] *court* shall require each spouse to disclose in a full and complete manner all marital property, separate property, and other assets, debt, income, and expenses of the spouse.") (Emphasis added.); R.C. 3105.171(B) (stating trial court's duty to divide marital and separate property equitably between the parties); R.C. 3105.171(A)(6)(a) (stating separate property includes real or personal property that is "found by the court" to be inheritance); *Wood* at ¶ 7-8 (explaining, by way of a direct appeal, that the performance of the trial court's independent judicial duty pursuant to R.C. 3105.171 precludes the court from issuing in essence a default judgment). Therefore, Steven's core argument, rather than demonstrating misconduct by Rachel, implicates appealable issues concerning the adequacy of the final hearing and the trial court's acceptance of the proposed decree.

{¶ 37} Lastly, "Civ.R. 60(B)(3) applies when an adverse party's fraud, misrepresentation, or misconduct in obtaining a judgment *has prevented the other party from fully and fairly presenting its case.*"  (Emphasis added.)  *Pond* at ¶ 28, citing *Luke*, 2018-Ohio-1065, at ¶ 23.  *See McLoughlin v. McLoughlin*, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 37 (determining Civ.R 60(B)(3) did not apply where the evidence failed to support a finding that the opposing party knowingly made any misrepresentation of material fact with the intention of misleading appellant, with the result that appellant actually relied on the alleged misrepresentation).

{¶ 38} A party is not prevented from fully and fairly presenting its case when that party chooses not to participate in the action.  *Botts* at ¶ 18 (determining that relief from judgment pursuant to Civ.R. 60(B)(3) was not warranted where the movant could have presented his claims but chose not to participate in the action and, therefore, was not prevented by an adverse party from fully and fairly presenting his case). *See also Lakkapragada v. Lakkapragada*, 2d Dist. No. 25883, 2014-Ohio-331, ¶ 59 (explaining that, generally, if a party fails to appear at the final divorce hearing, any deficiency claimed by appellant is explained by appellant's failure to appear at his final divorce hearing); *McLoughlin*  at ¶ 32 (determining that, where disclosed assets are at issue, a party that chooses to "sit on [his or her] rights," thereby "fail[ing] to take any action to insure [his or her] own interests," cannot then use equity considerations to support later relief under Civ.R. 60(B).).

{¶ 39} Here, the characterization of certain assets as marital or separate property was openly disputed by the parties and was an issue that they asked the trial court to resolve. Steven failed to appear at the hearing to present evidence despite having proper notice, and, as a result, undisputedly did not meet his burden in proving the disputed assets were separate property. In other words, Rachel did not prevent Steven from fully and fairly presenting his case—his own actions did. Because Rachel's alleged fraud, misrepresentation, or other misconduct did not prevent Steven from adequately presenting his case to the trial court, he is not entitled to relief from judgment under Civ.R. 60(B)(3). *Pond* at ¶ 30-31.

{¶ 40} Therefore, for all the considerations discussed, we conclude the trial court abused its discretion in determining Steven was entitled to relief pursuant to Civ.R. 60(B)(3).

**2. Civ.R. 60(B)(4) is not grounds for relief from the divorce decree**

{¶ 41} Next, Rachel contends the trial court misinterpreted Civ.R. 60(B)(4), which authorizes relief from a final judgment when "it is no longer equitable that the judgment should have prospective application." We agree.

{¶ 42} Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp*, 24 Ohio St.3d 141, 146 (1986). To prevail under Civ.R. 60(B)(4), the movant must show " 'specific events which occurred after the judgment which adversely affected the fair application of the judgment.' " *Kenison v. Kenison*, 10th Dist. No. 13AP-507, 2014-Ohio-315, ¶ 15, quoting *Young v. Young*, 10th Dist. No. 88AP-50, 1988 Ohio App. LEXIS 533, *5 (Dec. 22, 1988). *State ex rel. Attorney Gen. of Ohio v. Vela*, 5th Dist. No. 13-CA-124, 2014-Ohio-3369, ¶ 48 ("Relief under Civ.R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question. * * * Events which occurred prior to judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4).").

{¶ 43} In this case, the trial court determined Steven did have grounds for relief under Civ.R. 60(B)(4) "due to it not being equitable that the property division component of the Judgment Entry – Decree of Divorce having [sic] prospective application [due to Steven's allegations of Rachel committing fraud]." (Decision & Jdmt. Entry at 8.) Because the trial court's decision on Civ.R. 60(B)(4) is based on events that allegedly occurred prior

to the divorce decree, instead of events after the decree that made it inequitable to apply it prospectively, the trial court committed a legal error constituting an abuse of discretion in this regard.

### 3. Steven cannot use Civ.R. 60(B) as a substitute for an appeal

{¶ 44} Finally, we emphasize "[a] litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *State ex rel. Hatfield v. Miller*, ___ Ohio St.3d. ___, 2023-Ohio-429, ¶ 12. As previously indicated, the trial court's division of assets in a divorce decree, including its classification of assets as marital or separate property, is an issue subject to direct appeal. *See, e.g., Sangeri v. Yerra*, 10th Dist. No. 19AP-675, 2020-Ohio-5520, ¶ 1, 21-31 (assessing, in a direct appeal of a divorce decree, the trial court's characterization of property as marital as opposed to separate); *Vacheresse v. Paulchel*, 10th Dist. No. 22AP-583, 2023-Ohio-3226, ¶ 1, 11 (reviewing wife's challenge to the trial court's division of assets in a direct appeal from divorce decree); *Lakkapragada* at ¶ 1, 49 (assessing, in wife's direct appeal of the divorce decree, whether the trial court properly divided bank accounts and real estate after the wife failed to appear at the final hearing); *Mankin v. Mankin*, 7th Dist. No. 07 MO 4, 2008-Ohio-6214, ¶ 1, 11-18 (considering direct appeal from divorce decree and challenge to the trial court's division of the parties' property following the appellant's failure to attend the final divorce hearing to present evidence). *See also Wood* at ¶ 7 (challenging in a direct appeal from divorce decree the manner in which the trial court conducted the hearing).

{¶ 45} If Steven disagreed with how the trial court conducted the final hearing, the propriety of the trial court's acceptance of the proposed decree, and/or the sufficiency of the evidence to support the asset division, he should have directly appealed the final judgment — decree of divorce to seek a reversal based on those issues. Steven is prohibited from using Civ.R. 60(B) to avoid difficulties he would have faced on direct appeal due to the unfavorable record resulting from his absence.

{¶ 46} For all the above reasons, we conclude Rachel has demonstrated the trial court erred and abused its discretion in determining, under the second *GTE Automatic* requirement, that Steven is entitled to relief under one of the grounds stated in Civ.R. 60(B). Because Steven failed to satisfy one of the *GTE Automatic* requirements, the trial court was compelled to deny his Civ.R. 60(B) motion and abused its discretion in failing to

do so. *GTE Automatic* at 151; *Gamble Hartshorn, LLC*, 2018-Ohio-980, at ¶ 11. Accordingly, we sustain Rachel's first assignment of error.

## V. CONCLUSION

{¶ 47} Having sustained Rachel's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment reversed.*

MENTEL and EDELSTEIN, JJ., concur.